STATE OF NEBRASKA V. ROY LUDWIG.

9 N. W. (2d) 292

FILED APRIL 23, 1943.   No. 31528.

*Walter R. Johnson, Attorney General, Robert A. Nelson* and *Rush C. Clarke,* for plaintiff in error.

*Eugene D. O'Sullivan, Arthur J. Whalen* and *Ernest S. Priesman, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is a proceeding to secure a review of an order of the district court for Douglas county sustaining a plea in abatement in a criminal action.

On January 8, 1942, the county attorney for Douglas county filed a complaint against the defendant Roy Ludwig, charging that on or about April 7, 1941, the defendant committed a felonious assault upon one Geraldine Riley with intent to ravish and carnally know her. The defendant was thereupon arrested and arraigned before the county court.

Defendant refused to plead to the complaint and the court entered a plea of not guilty in his behalf. A preliminary hearing was held on January 23, 1942, and after the evidence was taken the county court found that the offense charged had been committed and that there was probable cause to believe that the defendant had committed the crime. Defendant was thereupon bound over to the district court and released on bond. On January 31, 1942, an information was filed in the district court. Defendant thereupon filed a plea in abatement to said information. The trial court sustained the plea in abatement, and the correctness of this ruling is now before this court for review.

The record fails to disclose the entry of a final order by the trial court from which error proceedings could be properly taken. The order from which the state attempts to prosecute error merely recites "that said plea in abatement be and hereby is sustained." The trial court neither dismissed the proceedings nor discharged the defendant.

The general rule is that error proceedings do not lie from a ruling on a plea in abatement unless such ruling has the effect of terminating the action. 4 C. J. S. 233, sec. 119. A plea in abatement does not go to the merits of the case. The sustaining of a plea in abatement without the quashing of the information or a discharge of the defendant is analogous to the sustaining of a general demurrer in a civil case not followed by a dismissal of the action. *Dobrusky v. State,* 140 Neb. 360, 299 N. W. 539.

"Where a plea in abatement is sustained, the judgment should be that the case against accused abate or that the indictment be quashed. In such a case, however, it is proper for the court to direct that accused be retained in custody until a new indictment or information can be returned or prepared." 22 C. J. S. 680, sec. 435.

In discussing the nature of the judgment to be entered when defendant's plea in abatement has been sustained, Heard in his work on Criminal Pleading at page 269 says: "The judgment for the defendant is that the indictment be quashed."

· The law is well settled that a defect apparent on the face of the record may properly be reached by a motion to quash. An irregularity in the proceedings, which does not appear on the face of the record and can be established only by extrinsic evidence, can be raised only by a plea in abatement. Upon the sustaining of either, the proper judgment is to quash the information or indictment, or to discharge the defendant. If, however, the reasons for sustaining a motion to quash, or a plea in abatement, are such that the record can be corrected by amendment or a new proceeding commenced by filing a new information, the court may order the defendant held until it can be done.

"The holding of an accused person for trial in the district court at the conclusion of a preliminary examination upon a valid complaint gives that court jurisdiction until he be discharged 'by due course of law.'

"The order of the district court sustaining a motion to quash the information filed by the prosecuting officer, unaccompanied by a judgment dismissing the proceedings or discharging the defendant, does not operate to terminate the proceedings or discharge the defendant 'by due course of law.'" *Dobrusky v. State, supra.* By analogy the same rule applies to the sustaining of a plea in abatement.

We do not think the form of the judgment entered is so material if it has the effect of terminating the action. In other words, an order quashing the information, abating the action, dismissing the proceedings or discharging the defendant would be equally effective in terminating the case in the district court.

It is obvious therefore that the district court has not lost jurisdiction over the defendant in the case at bar and its power to proceed further in the case was not terminated by its order sustaining the plea in abatement. Consequently, there is no order from which error proceedings can be prosecuted and there is nothing properly before this court for its consideration.

PETITION IN ERROR DISMISSED.