STATE OF NEBRASKA, APPELLEE,
v. THOMAS C. JACQUES, APPELLANT.
570 N.W. 2d 331

Filed October 31, 1997.    No. S-95-1291.

Thomas M. Kenney, Douglas County Public Defender, and Stephen P. Kraft for appellant.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WHITE, C.J.

This is a criminal case involving two complaints filed by the State of Nebraska against appellant, Thomas C. Jacques. Jacques petitioned for further review to determine whether the denial of a motion to discharge for failure to provide a speedy trial is a final, appealable order which must be appealed within 30 days pursuant to Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 1994). The Nebraska Court of Appeals held that the denial was appealable. We agree and affirm.

On November 17, 1994, an information was filed charging Jacques with two counts of assault in the second degree and two counts of use of a firearm to commit a felony. On March 13, 1995, a pretrial conference was held, and while this hearing was not recorded, Jacques' attorney indicated he would file a motion to suppress so as to toll Jacques' speedy trial right. The court's docket sheet indicated the case was set for a suppression hearing on June 2 and was also scheduled for a jury trial beginning on July 10. On March 14, the bailiff sent a letter to all parties, advising that the case was scheduled for jury trial on July 10.

On May 31, 1995, Jacques' attorney filed a "Motion to Suppress Statement and Notice" with a notice of hearing for the same day at 9 a.m. On that day, the motion to suppress a statement was heard without argument and overruled from the bench. Jacques' attorney indicated to the court that his motion to suppress had not been filed until May 31 "due to inadvertence" and that he "thought the motion was filed."

On June 9, 1995, Jacques' counsel filed a motion to discharge for lack of a speedy trial pursuant to Neb. Rev. Stat. § 29-1208 (Reissue 1995). This motion was heard by the court on June 12, taken under advisement, and overruled on June 27. On July 10, what appears to be a stipulated bench trial was held. All reports were offered into evidence by the State and, without objection, admitted. Neither party submitted arguments, and the case was taken under advisement by the court. At the end of the trial, Jacques' counsel renewed all his motions, including the motion to discharge.

On July 18, 1995, the district court for Douglas County found Jacques guilty of all charges. The court deferred sentencing pending a presentence investigation. On October 31, the court sentenced Jacques to 2 to 4 years' imprisonment on each of the four counts, for a total sentence of 8 to 16 years' imprisonment. The court ordered that all sentences be served consecutively and that credit be given for the 28 days already served.

On November 29, 1995, the Douglas County public defender's office perfected an appeal. Jacques claimed the district court erred in (1) overruling his motion to discharge because he was not brought to trial within 6 months pursuant to Neb. Rev. Stat. § 29-1207 (Reissue 1995), (2) failing to inform Jacques of his constitutional right to a jury trial, and (3) failing to obtain a waiver of this right before proceeding to a stipulated bench trial. The Court of Appeals declined to hear the speedy trial issue because the motion to discharge was a final, appealable order and Jacques failed to appeal within 30 days. The court also found that Jacques was entitled to a new trial because the district court failed to inform Jacques of his right to a jury trial and failed to obtain a waiver of that right. A petition for further review was filed on March 27, 1997. The State agrees on the propriety of that part of the opinion concerning a new trial, and it is not an issue here.

Jacques' sole assignment of error is that the Court of Appeals erred in determining that the denial of a motion to discharge is a final, appealable order, which required Jacques to file a notice of appeal within 30 days, which, in turn, by Jacques' failure to do so, divested the court of jurisdiction. See § 25-1912(1).

Subject matter jurisdiction cannot be conferred upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties. *Anderson v. HMO Nebraska*, 244 Neb. 237, 505 N.W.2d 700 (1993). If the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction. *WBE Co. v. Papio-Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995).

Even though an extrajudicial act of a lower court cannot vest the appellate court with jurisdiction to review the merits of the appeal, the appellate court has jurisdiction and, moreover, the

duty to determine whether the lower court had the power, that is, the subject matter jurisdiction, to enter the judgment or other final order sought to be reviewed. *In re Interest of J.T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994). When such a jurisdictional question arises, which does not involve a factual dispute, determination of the jurisdictional issue is a matter of law, which requires an appellate court to reach a conclusion independent from the trial court's conclusion on the jurisdictional issue. *Payne v. Nebraska Dept. of Corr. Servs.*, 249 Neb. 150, 542 N.W.2d 694 (1996); *Becker v. Nebraska Acct. & Disclosure Comm.*, 249 Neb. 28, 541 N.W.2d 36 (1995).

Under Neb. Rev. Stat. § 25-1931 (Reissue 1995), proceedings for reversing, vacating, or modifying judgments or final orders shall be commenced within 30 days after the making of the final order complained of. To vest an appellate court with jurisdiction, the notice of appeal must be filed within 30 days of the entry of the final order. *State v. Trevino*, 251 Neb. 344, 556 N.W.2d 638 (1996). In contrast, if an order is interlocutory, immediate appeal from the order is disallowed so that courts may avoid piecemeal review, chaos in trial procedure, and a succession of appeals granted in the same case to secure advisory opinions to govern further actions of the trial court. See, *State v. Bourke*, 237 Neb. 121, 464 N.W.2d 805 (1991); *State v. Taylor*, 179 Neb. 42, 136 N.W.2d 179 (1965).

Neb. Rev. Stat. § 25-1911 (Reissue 1995) provides for appellate review of final orders. A final order is defined as "[a]n order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment . . . ." Neb. Rev. Stat. § 25-1902 (Reissue 1995). Essentially, then, there are three types of final orders which may be reviewed on appeal. The three types are (1) an order which affects a substantial right in an action and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered. *Rohde v. Farmers Alliance Mut. Ins. Co.*, 244 Neb. 863, 509 N.W.2d 618 (1994); *Jarrett v. Eichler*,

244 Neb. 310, 506 N.W.2d 682 (1993). This case involves an order affecting a substantial right made during a special proceeding.

Section 29-1208 provides that "[i]f a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to his absolute discharge from the offense charged and for any other offense required by law to be joined with that offense." In this case, the district court denied Jacques' motion to discharge under § 29-1208 for failure to bring him to trial within 6 months. Jacques did not appeal the court's denial of his motion until after his conviction, more than 30 days after the trial court's order. The Court of Appeals found the denial of a motion to discharge was a final, appealable order that extinguished its jurisdiction. The question then becomes whether the denial of a motion to discharge involves an order affecting a "substantial right" made during a "special proceeding."

All three types of final, appealable orders share the requirement that a "substantial right" be affected. *In re Interest of R.G.,* 238 Neb. 405, 470 N.W.2d 780 (1991). A substantial right is an essential legal right, not a mere technical right. *Rehn v. Bingaman,* 157 Neb. 467, 59 N.W.2d 614 (1953). A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing. *Id.*

A motion to discharge affects the substantial right to a speedy trial. The right to a speedy trial is obviously an essential legal right, not a mere technical right. *State v. Gibbs, ante* p. 241, 570 N.W.2d 326 (1997). As we recently held in *Gibbs,* "[T]he rights conferred on an accused criminal by §§ 29-1207 and 29-1208 would be significantly undermined if appellate review of nonfrivolous speedy trial claims were postponed until after conviction and sentence." *Ante* at 245, 570 N.W.2d at 330. Moreover, a motion to discharge unquestionably affects the subject matter of the litigation because denial of such a motion effectively denies an appellant's speedy trial rights. As such, a motion to discharge affects a substantial right.

The fact that a motion to discharge involves a substantial right does not end our inquiry. To be final and appealable, the order must also arise during a "special proceeding." *Jarrett v. Eichler, supra.* Where the law confers a right and authorizes a special application to a court to enforce the right, the proceeding is special, within the ordinary meaning of the term "special proceeding." *Sullivan v. Storz,* 156 Neb. 177, 55 N.W.2d 499 (1952). A special proceeding is, by definition, not part of an action. *In re Interest of R.G.,* 238 Neb. 405, 470 N.W.2d 780 (1991). Rather, a special proceeding may be said to include every statutory remedy which is not in itself an action. *Sullivan v. Storz, supra.*

An "action" involves prosecuting the alleged rights between the parties and ends in a final judgment, whereas a special proceeding does not. *In re Interest of R.G., supra.* For instance, a summary judgment hearing, a court's authority to vacate prior decisions, various juvenile court proceedings, a plea in bar, and a competency hearing are all examples of special proceedings, not actions. See, *Currie v. Chief School Bus Serv.,* 250 Neb. 872, 553 N.W.2d 469 (1996); *Jarrett v. Eichler,* 244 Neb. 310, 506 N.W.2d 682 (1993); *In re Interest of R.G., supra*; *State v. Milenkovich,* 236 Neb. 42, 458 N.W.2d 747 (1990); *State v. Guatney,* 207 Neb. 501, 299 N.W.2d 538 (1980). However, a proceeding may be special, even if the proceeding is connected with a pending action. *Sullivan v. Storz, supra* (citing *Anderson v. Englehart,* 18 Wyo. 196, 105 P. 571 (1909)). In *In re Interest of R.G.,* we explained:

"Any proceeding in a court by which a party prosecutes another for enforcement, protection, or determination of a right or the redress or prevention of a wrong involving and requiring the pleadings, process, and procedure provided by the code and ending in a final judgment is an action. Every other legal proceeding by which a remedy is sought by original application to a court is a special proceeding. A special proceeding within the meaning of the statute defining a final order must be one that is not an action and is not and cannot be legally a step in an action as a part of it. None of the many steps or proceedings necessary or

permitted to be taken in an action to commence it, to join issues in it, and conduct it to a final hearing and judgment can be a special proceeding within the terms of the statute. A special proceeding may be connected with an action in the sense that the application for the benefit of it and the other papers and orders concerning it may be filed in the case where the record of the filings in the action are [sic] made—as for instance garnishment or attachment—but it is not an integral part of or a step in the action or as it is sometimes referred to in such a situation a part of the 'main case.' The distinction between an action and a special proceeding has been clearly recognized by this court. In Turpin v. Coates, 12 Neb. 321, 11 N.W. 300, it is said: 'A special proceeding may be said to include every special statutory remedy which is not in itself an action.' "

*In re Interest of R.G.*, 238 Neb. at 412-13, 470 N.W.2d at 787 (quoting *Rehn v. Bingaman*, 157 Neb. 467, 59 N.W.2d 614 (1953) (Boslaugh, J., concurring)).

A motion to discharge occurs in a special proceeding. First, a motion to discharge is a legally conferred right that authorizes a special application to a court for enforcement. See, § 29-1208; *State v. Gibbs, supra*. Second, a motion to discharge is a statutory remedy which is not itself an action because the motion does not prosecute alleged rights between parties or end in final judgment. See *In re Interest of R.G., supra*. Thus, a hearing on a motion to discharge is considered a special proceeding.

A motion to discharge results in an order that affects substantial rights made during a special proceeding. We agree with the Court of Appeals' decision that a motion to discharge is a final, appealable order. As such, because Jacques failed to perfect a timely appeal as mandated by § 25-1912(1), the Court of Appeals lacked jurisdiction to address Jacques' speedy trial claim and correctly refused to address the issue.

AFFIRMED.