STATE OF NEBRASKA, APPELLEE, V.
MELISSA A. MEESE, APPELLANT.
599 N.W. 2d 192

Filed August 13, 1999.    No. S-98-963.

Gregory C. Damman for appellant.

Don Stenberg, Attorney General, and Amber Fae Herrick for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

The defendant, Melissa A. Meese, appeals from an order overruling her motion to discharge. The motion was based upon alleged violations of her due process and speedy trial rights due to an excessive preindictment delay that she alleges prevented her case from being transferred to juvenile court.

## SCOPE OF REVIEW

■ The determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusion independent from that of the trial court. *State v. Dvorak,* 254 Neb. 87, 574 N.W.2d 492 (1998).

■ As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Kinser,* 256 Neb. 56, 588 N.W.2d 794 (1999).

■ In connection with questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Kratochvil v. Motor Club Ins. Assn.,* 255 Neb. 977, 588 N.W.2d 565 (1999).

## FACTS

In the spring of 1996, the Nebraska State Patrol used a confidential informant to purchase marijuana from individuals in the Seward area. On April 25 and May 7, this confidential informant purchased marijuana from Meese, who was then 16 years of age. Following the May 7 transaction with Meese, the confidential informant purchased drugs from several other persons in the

community. Sixteen persons were ultimately arrested on drug charges.

In late October 1997, Meese was arrested and charged with two counts of delivery of a controlled substance, in violation of Neb. Rev. Stat. § 28-416 (Reissue 1995), a Class III felony. A complaint regarding the April 25 and May 7, 1996, transactions was then filed in Seward County Court. On November 4, Meese, who was almost 18, filed a motion in the county court to waive jurisdiction to the juvenile court.

The county court overruled the motion, concluding that because of her age, the juvenile court system did not have time to deal with Meese in an efficient manner. Also, the county court found that no evidence had been admitted which showed whether there were facilities available to the juvenile court for either the treatment or the rehabilitation of Meese. The county court stated that commitment to a youth development center was essentially a noncommitment because the centers released the juveniles after a certain period of time and that such prompt release would be detrimental to any treatment program for Meese. The county court found that for the security of the public and because the court believed Meese needed long-term treatment, Meese was not amenable to transfer to juvenile court. As provided by Neb. Rev. Stat. § 43-261 (Reissue 1998), the court's decision was not a final order for the purpose of enabling an appeal, and Meese did not appeal.

On December 19, 1997, following a preliminary hearing, the county court bound Meese over to district court for trial on both felony counts. On April 10, 1998, before the commencement of trial, Meese filed a motion to discharge in district court. She claimed that the preindictment delay violated her right to due process of law and her right to a speedy trial. The essence of her claim was that the State's delay in charging her had caused her to be tried as an adult rather than as a juvenile. After a hearing on June 23, the district court overruled the motion to discharge, and Meese appeals from this denial.

## ASSIGNMENT OF ERROR

Meese claims the district court erred when it overruled her motion to discharge because her due process and speedy trial

rights were violated by the excessive delay between the alleged commission of her crimes and the filing of the charges against her.

## ANALYSIS

In her motion to discharge, Meese argues that the indictment should be discharged on two grounds: (1) The State's delay after the indictment was filed violated her right to a speedy trial and (2) the preindictment delay in filing the charges against her violated her due process right to a fair trial. In overruling the motion, the district court found that Meese's constitutional right to a speedy trial had not been violated and that Meese had failed to prove a "pre-charge speedy trial violation."

■■ We first address Meese's claim that the State's delay after the indictment was filed violated her right to a speedy trial. An accused's right to a speedy trial as guaranteed by the Sixth Amendment to the U.S. Constitution and the statutory implementation of that right under Neb. Rev. Stat. § 29-1207 (Reissue 1995) exist independently of each other. *State v. Blackson*, 256 Neb. 104, 588 N.W.2d 827 (1999). The primary burden of bringing an accused person to trial within the timeframe provided by law is upon the State, and the failure to do so entitles the defendant to an absolute discharge. *Id.*

Section 29-1207 provides that "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." A companion statute, Neb. Rev. Stat. § 29-1208 (Reissue 1995), provides that "[i]f a defendant is not brought to trial before the running of [this 6 months] as extended by excluded periods, he [or she] shall be entitled to . . . absolute discharge from the offense charged and for any other offense required by law to be joined with that offense."

■■ The Sixth Amendment applies only when a criminal prosecution has begun and extends only to those persons who have been accused in the prosecution. *United States v. Marion*, 404 U.S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971). The Sixth Amendment affords no protection to those not yet accused, nor does this amendment require the government to discover, investigate, and accuse any person within a particular period of time.

*United States v. Marion, supra.* A defendant's Sixth Amendment right to a speedy trial does not arise before there is some charge or arrest, even though the prosecuting attorneys have knowledge of the offense long before the arrest occurs. *United States v. Marion, supra.*

Meese was arrested for distribution of a controlled substance on October 30, 1997. The complaint was filed the same day, and on November 4, Meese filed a motion to waive jurisdiction to the juvenile court. Following a hearing on this motion, on November 26, the motion was overruled, and Meese waived her preliminary hearing. On December 19, Meese was bound over to district court for arraignment and trial on both felony counts. An information charging Meese with two counts of delivery of a controlled substance, each a Class III felony, was filed on December 23. On April 10, 1998, Meese filed a motion to discharge in district court.

After reviewing these facts, the district court found no speedy trial violation. As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Kinser,* 256 Neb. 56, 588 N.W.2d 794 (1999). We conclude that the district court was not clearly wrong in finding no speedy trial violation. The Sixth Amendment does not apply to preindictment delays. *United States v. Marion, supra.*

As to the statutory 6-month speedy trial, it is clear that 6 months, as defined in § 29-1207, did not pass between the filing of the information on December 23, 1997, and the filing of Meese's motion to discharge on April 10, 1998. Therefore, Meese's claim that her right to a speedy trial has been violated has no merit.

We next proceed to consider whether Meese's Fifth Amendment right to due process of law was violated by the preindictment delay which allegedly prevented her case from being transferred to juvenile court. Meese claims that the preindictment delay in filing the charges against her violated her due process right to a fair trial.

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has juris-

diction over the matter before it. *State v. Marshall*, 253 Neb. 676, 573 N.W.2d 406 (1998). The determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusion independent from that of the trial court. *State v. Dvorak*, 254 Neb. 87, 574 N.W.2d 492 (1998).

The question presented is whether the district court's denial of the motion to discharge was a final, appealable order or was interlocutory. If an order is interlocutory, immediate appeal from the order is disallowed so that courts may avoid piecemeal review, chaos in trial procedure, and a succession of appeals granted in the same case to secure advisory opinions to govern further actions of the trial court. *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997).

In *State v. Huebner*, 245 Neb. 341, 513 N.W.2d 284 (1994), *abrogated on other grounds, State v. Morris*, 251 Neb. 23, 554 N.W.2d 627 (1996), the defendant filed a plea in abatement, claiming that the evidence adduced at the preliminary hearing was insufficient to justify the filing of the information and that the filing of the charges against him had been unreasonably delayed and, therefore, denied him equal protection and due process of law. Neb. Rev. Stat. § 29-1807 (Reissue 1995) provides that an accused may except to an indictment by a plea in abatement. Neb. Rev. Stat. § 29-1809 (Reissue 1995) states that "[a] plea in abatement may be made when there is a defect in the record which is shown by facts extrinsic thereto."

We conclude that a plea in abatement is the procedure best suited for raising a due process claim based upon preindictment delay. Therefore, we will treat that portion of Meese's motion relating to the due process claim based upon a claim of preindictment delay as if the motion to discharge was a plea in abatement.

We have not considered whether a plea in abatement would be a final, appealable order in the context of a claim for violation of due process for preindictment delay. Generally, however, pleas in abatement are not final, appealable orders. See *State v. Franklin*, 194 Neb. 630, 234 N.W.2d 610 (1975). Furthermore, other jurisdictions treat orders denying dismissals for preindictment delay as nonfinal orders. Although the issue of the appeal-

ability of such rulings has not been directly addressed, such courts have generally addressed an order denying dismissal for preindictment delay after conviction. See, e.g., *State v. Everidge*, 188 Ariz. 46, 932 P.2d 802 (Ariz. App. 1996) (addressing issue of preindictment delay on appeal from conviction); *State v. Lacy*, 187 Ariz. 340, 929 P.2d 1288 (1996) (addressing issue of preindictment delay on appeal from conviction); *People v. Thompson*, 265 Ill. App. 3d 413, 638 N.E.2d 363, 202 Ill. Dec. 717 (1994) (addressing issue of preindictment delay on appeal from conviction); *State v. Rippy*, 626 A.2d 334 (Me. 1993) (addressing issue of preindictment delay on appeal from conviction); *People v. Cooper*, 258 A.D.2d 815, 686 N.Y.S.2d 172 (1999) (addressing issue of preindictment delay on appeal from conviction); *People v. Torres*, 257 A.D.2d 772, 684 N.Y.S.2d 17 (1999) (addressing issue of preindictment delay on appeal from conviction); *People v. Brown*, 243 A.D.2d 750, 663 N.Y.S.2d 670 (1997) (addressing issue of preindictment delay on appeal from conviction); *State v. Lloyd*, No. 15927, 1999 WL 173017 (Ohio App. Mar. 31, 1999) (addressing issue of preindictment delay on appeal from conviction); *State v. Brazell*, 325 S.C. 65, 480 S.E.2d 64 (1997); *Moore v. State*, 943 S.W.2d 127 (Tex. App. 1997) (addressing issue of preindictment delay on appeal from conviction); *Hogan v. State*, 908 P.2d 925 (Wyo. 1995) (addressing issue of preindictment delay on appeal from conviction). Compare, *State v. Cole*, 384 So. 2d 374 (La. 1980) (appellate court granted writ of certiorari on denial of motion to quash indictment because of preindictment delay); *People v. Santmyer*, 255 A.D.2d 871, 680 N.Y.S.2d 367 (1998) (appeal brought by State when motion to dismiss indictment for preindictment delay was granted); *State v. Cochenour*, No. 98CA2440, 1999 WL 152127 (Ohio App. Mar. 8, 1999) (appeal brought by State when motion to dismiss indictment for preindictment delay was granted).

■ There are three types of final orders which may be reviewed on appeal: (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is ren-

dered. See *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998).

■■■ All three types of final, appealable orders share the requirement that a substantial right be affected. *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997). A substantial right is an essential legal right, not a mere technical right. *Id.* A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing. *Id.*

In *State v. Huebner*, 245 Neb. 341, 513 N.W.2d 284 (1994), we noted that the Due Process Clause requires dismissal of an indictment only if the defendant shows that the prosecuting authority's delay in charging him caused substantial prejudice to his right to a fair trial. See, also, *United States v. Lovasco*, 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977); *United States v. Marion*, 404 U.S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971). Here, we must decide whether the denial of Meese's motion based on preindictment delay affects a substantial right—that is, whether Meese's right to a fair trial can be vindicated in an appeal from the final judgment or whether her right may be protected only if she is allowed to appeal directly from the denial of her motion to discharge. See *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999).

■■ We have held that the denial of a motion to discharge on speedy trial grounds affects a substantial right and, thus, is a final, appealable order. In *Jacques*, 253 Neb. at 252, 570 N.W.2d at 335, we explained that an order denying a motion to discharge could be immediately appealed because " '[t]he rights conferred on an accused criminal by §§ 29-1207 and 29-1208 would be significantly undermined if appellate review of nonfrivolous speedy trial claims were postponed until after conviction and sentence.' "

However, the same concern is not present when a party alleges a denial of due process because the party was not tried as a juvenile. An important distinction between the facts of this case and those of *Jacques* is that criminal defendants are constitutionally guaranteed a speedy trial, and thus, it would be unjust to force a defendant to endure a trial prior to reviewing an

alleged speedy trial violation. In contrast, criminal defendants are not constitutionally guaranteed that their case will proceed in juvenile court, and so, loss of access to juvenile jurisdiction has no bearing on whether a defendant receives a fair trial. See *State v. Frazier*, 82 Wash. App. 576, 918 P.2d 964 (1996) (no constitutional right to juvenile court jurisdiction, but preaccusational delay may violate due process under narrowly described circumstances). Yet, it is this loss of access to the juvenile court about which Meese complains.

■■■ Whether the State's preindictment delay may have caused Meese to lose access to juvenile court does not require that she appeal from the denial of her motion before trial. The right to be tried as a juvenile is not constitutionally guaranteed, and the decision as to whether jurisdiction is waived is discretionary with the court. See *State v. Ryan*, 226 Neb. 59, 409 N.W.2d 579 (1987). Furthermore, on several occasions, we have reviewed the denial of a transfer to juvenile court. In each case, the validity of the trial court's decision was not addressed until after conviction and sentence. See, e.g., *State v. Mantich*, 249 Neb. 311, 543 N.W.2d 181 (1996); *State v. Reynolds*, 247 Neb. 608, 529 N.W.2d 64 (1995); *State v. Nevels*, 235 Neb. 39, 453 N.W.2d 579 (1990). Therefore, we have recognized that the loss of access to juvenile court itself does not affect a substantial right. Incorporating this alleged loss into the due process argument does not affect our analysis as to whether the denial of a motion to discharge for preindictment delay affects a substantial right. Neb. Rev. Stat. §§ 29-1816 (Reissue 1995) and 43-276 (Reissue 1993) establish that in determining whether there should be a waiver of jurisdiction to the juvenile court, the practical and nonproblematic rehabilitation of the defendant is weighed against public protection and societal security. See *State v. Mantich, supra.*

The district court's finding that Meese failed to prove a due process violation for preindictment delay does not affect the subject matter of the litigation, such as diminishing a claim or defense that was available to Meese prior to the order from which the appeal is taken. The denial of this order does not affect a substantial right, and there was no final, appealable

order from which to appeal. Consequently, we do not address Meese's due process claim.

## CONCLUSION

The district court found no speedy trial violation. We therefore affirm the judgment of the district court on that issue. We do not address that portion of the district court's order regarding preindictment delay, for it is not a final, appealable order.

The judgment of the district court is affirmed.

AFFIRMED.