STATE OF NEBRASKA, APPELLEE, V. GARY REX LAUCK, ALSO KNOWN AS GERHARD REX LAUCK, APPELLANT.

621 N.W. 2d 515

Filed January 26, 2001.   No. S-00-258.

Dennis R. Keefe, Lancaster County Public Defender, and Robert G. Hays for appellant.

Gary E. Lacey, Lancaster County Attorney, John A. Colborn, and Keith Allenstein, Jr., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

The Lancaster County Attorney's office filed an information charging appellant Gary Rex Lauck, also known as Gerhard Rex Lauck, with providing false information, a Class IV felony, on an application for a handgun certificate in violation of Neb. Rev. Stat. § 69-2408 (Reissue 1996). On December 22, 1999, Lauck filed a plea in abatement. A plea in abatement hearing was held on January 18, 2000, the issue being whether a person can be prosecuted under § 69-2408 for providing false information on an application for a handgun certificate based on falsely answering a question on the application other than what is statutorily required (i.e., Lauck's name, Social Security number, address, and date of birth). The district court entered an order overruling Lauck's plea in abatement dated February 23, 2000. Lauck appeals the district court's order overruling his plea in abatement. This court denied the State's motion for summary dismissal.

## BACKGROUND

On June 25, 1999, Lauck filled out an application for a handgun permit. Lauck produced his driver's license for identification and the name, address, and date of birth which Lauck filled out on the application form matched that same information on his driver's license. On the application to "Purchase, Lease, Rent, or Receive Transfer of Handgun," Lauck circled "NO" to the question:

> Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year?

(Note: A "yes" answer is necessary if the judge could have given a sentence of more than one year. A "yes" answer is not required if you have been pardoned for the crime or the conviction has been expunged or set aside, or you have had your civil rights restored and, under the law where the conviction occurred, you are not prohibited from receiving or possessing any firearm.)

Lauck was charged with providing false information, a Class IV felony, on an application for a handgun certificate in violation of § 69-2408. At the preliminary hearing, translated German documents indicated that in Germany, Lauck was arrested and sentenced to jail for 4 years for incitement of the people, inciting racial hatred, distributing means of propaganda, and using symbols of an anticonstitutional organization. The county court bound over Lauck to the district court.

Lauck filed a plea in abatement, and a hearing was held wherein Lauck argued that he could be prosecuted for providing false information under § 69-2408 only if he "willfully provides false information on the application form regarding his name, social security number, address, and date of birth. The evidence adduced at the preliminary hearing was that [Lauck] did not provide false information regarding his name, social security number, address or date of birth." The district court entered an order overruling Lauck's plea in abatement.

## ASSIGNMENT OF ERROR

Lauck assigns that the district court erred in overruling his plea in abatement.

## STANDARD OF REVIEW

■ It is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Williams*, 253 Neb. 619, 573 N.W.2d 106 (1997).

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *State v. Johnson*, 259 Neb. 942, 613 N.W.2d 459 (2000); *State v. Pruett*, 258 Neb. 797, 606 N.W.2d 781 (2000).

## ANALYSIS

■ We first consider whether an order overruling Lauck's plea in abatement is a final, appealable order. The three types of final orders which may be reviewed on appeal under the provisions of Neb. Rev. Stat. § 25-1902 (Reissue 1995) are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000); *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997); *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997).

It is clear that the order in this case overruling Lauck's plea in abatement did not prevent a judgment, nor was it made by summary application after the judgment was rendered. This case involves the remaining type of final order. Therefore, the question is whether an order overruling a plea in abatement affects a substantial right in a special proceeding.

■ A substantial right is an essential legal right, not a mere technical right. *State v. Meese*, 257 Neb. 486, 599 N.W.2d 192 (1999). A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing. *State v. Bjorklund, supra*; *State v. Jacques, supra*.

Lauck argues that this case involves statutory interpretation which is a question of law. At his plea in abatement hearing, Lauck argued that he could be prosecuted for providing false information under § 69-2408 only if he willfully provided false information on the application form regarding his name, Social Security number, address, and date of birth. The evidence adduced at the preliminary hearing was that Lauck did not provide false information regarding his name, Social Security number, address, or date of birth. Lauck now argues that in strictly construing Neb. Rev. Stat. § 69-2404 (Reissue 1996), he committed no crime under § 69-2408. Lauck argues that if the plea in abatement in this case was sustained, it would be dispositive.

Therefore, Lauck concludes that the order overruling his plea in abatement is a final order that can be appealed.

The order overruling the plea in abatement does not diminish any claim or defense available to Lauck at trial. Lauck may still present all of the defenses that he could have presented before the order overruling his plea in abatement. Lauck can argue, through the rules of statutory interpretation, that he did not commit any crime at all or that he did not commit the crime of false information under § 69-2408. Lauck is not precluded from making a motion to dismiss after the State rests its case. Lauck may still argue the additional issues that his rights are protected under the First Amendment, or that any false information present on the form was not done willfully. If Lauck were convicted of the charge against him, he would not be prohibited from raising on appeal the issue of whether there was sufficient evidence to convict him. See *State v. Pruett*, 258 Neb. 797, 606 N.W.2d 781 (2000).

Accordingly, we conclude the order overruling Lauck's plea in abatement does not affect a substantial right and is therefore not a final, appealable order. Having made this determination, we need not address the additional issues of whether a plea in abatement hearing is a special hearing or the assigned error of whether the district court erred in overruling Lauck's plea in abatement.

This court has consistently held that a plea in abatement order is not a final order from which a direct appeal can be made. See, *State v. Franklin*, 194 Neb. 630, 234 N.W.2d 610 (1975); *Kruger v. Brainard*, 183 Neb. 455, 161 N.W.2d 520 (1968); *Gartner v. State*, 36 Neb. 280, 54 N.W. 516 (1893).

Accordingly, we conclude the order overruling Lauck's plea in abatement does not affect a substantial right and is therefore not a final, appealable order.

## CONCLUSION

Having concluded that there is no final, appealable order in this case, we dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.