STATE OF NEBRASKA, APPELLEE, V.
MICHAEL W. LOYD, APPELLANT.
696 N.W.2d 860

Filed May 6, 2005. No. S-04-534.

764

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

Michael W. Loyd appeals from the denial of his "motion to discharge," raising a statute of limitations defense, and a supplemental motion to discharge based upon the alleged violation of Loyd's right to a speedy trial. The issues presented in this appeal are (1) whether a motion to discharge is the appropriate procedure for raising a statute of limitations defense; (2) whether an order overruling a pretrial motion raising a statute of limitations defense is a final, appealable order; and (3) whether, when an appeal is taken from a final, appealable order, an appellate court acquires jurisdiction over issues not presented in the final order from which the appeal is taken.

## BACKGROUND

Loyd was arrested on June 18, 2001, and cited by the arresting officer for driving under the influence of alcoholic liquor (DUI). On June 29, Loyd was charged by complaint in the county court with several offenses: (1) second-offense DUI, in violation of Omaha Mun. Code, ch. 36, art. III, § 36-115 (1998); (2) speeding, in violation of Neb. Rev. Stat. § 60-6,186(2) (Reissue 1998); (3) negligent driving, in violation of Omaha Mun. Code, ch. 36, art. V, § 36-131 (1980); (4) and operating a motor vehicle during a period of suspension or revocation, in violation of Neb. Rev. Stat. § 60-4,108 (Reissue 1998).

Loyd filed a motion to quash the complaint, pursuant to § 36-115 of the Omaha Municipal Code, arguing that the penalty provisions of the ordinance were inconsistent with those of Neb. Rev. Stat. § 60-6,196 (Cum. Supp. 2000). The county court granted the motion to quash; the State filed an exception; and on appeal, we agreed that the provisions were inconsistent and overruled the State's exception. Our opinion issued on January 24, 2003. See *State v. Loyd*, 265 Neb. 232, 655 N.W.2d 703 (2003).

On March 18, 2003, Loyd was charged by complaint in the county court with second-offense DUI in violation of § 60-6,196(2). Loyd filed a motion to discharge, contending that the complaint had not been filed within the 18-month statute of limitations set forth in Neb. Rev. Stat. § 29-110(1) (Reissue 1995). Loyd subsequently filed a supplemental motion to discharge based upon his federal and state constitutional rights to a speedy trial. Loyd's motion to discharge on statute of limitations grounds was denied on May 22. Loyd's supplemental motion on speedy trial grounds was denied on December 4. Loyd filed his appeal to the district court from both orders on December 4. The district court found no violation of Loyd's rights to a speedy trial and affirmed the decision of the county court, but did not discuss Loyd's statute of limitations argument. Loyd appeals.

## ASSIGNMENTS OF ERROR

Loyd assigns that the county and district courts erred in failing to conclude that the complaint against Loyd should be dismissed because (1) the complaint was filed more than 18 months after the date of the alleged offense and (2) Loyd's constitutional rights to a speedy trial were violated.

## STANDARD OF REVIEW

■ A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *State v. Harris*, 267 Neb. 771, 677 N.W.2d 147 (2004).

■ As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Covey*, 267 Neb. 210, 673 N.W.2d 208 (2004).

## ANALYSIS

### TIMELINESS OF APPEAL

■ We first consider whether we have jurisdiction with respect to Loyd's statute of limitations defense. Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case. *State v. Bao, ante* p. 127, 690 N.W.2d 618 (2005). The State argues that because

Loyd styled his statute of limitations argument as a "motion to discharge," he waived his appeal with respect to that argument because he failed to appeal within 30 days of the order overruling that particular motion. The State contends that the order overruling Loyd's statute of limitations motion was final and appealable and, thus, should have been appealed within 30 days.

The three types of final orders which may be reviewed on appeal under the provisions of Neb. Rev. Stat. § 25-1902 (Reissue 1995) are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. *State v. Perry*, 268 Neb. 179, 681 N.W.2d 729 (2004). The State relies upon *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997), in which this court held that the denial of a motion to discharge based upon speedy trial grounds is a final order, as an order affecting a substantial right made in a special proceeding, and that failure to perfect an appeal within 30 days of the overruling of such a motion to discharge results in a waiver of that issue. Since Loyd styled his statute of limitations argument as a "motion to discharge," the State asserts that he waived the statute of limitations issue by failing to appeal within 30 days.

However, a "motion to discharge" is generally not the means by which a statute of limitations claim is raised in a criminal proceeding. The statute of limitations is not jurisdictional, but is, rather, an affirmative defense. See, *State v. Keithley*, 236 Neb. 631, 463 N.W.2d 329 (1990); *State v. Nuss*, 235 Neb. 107, 454 N.W.2d 482 (1990); *State v. Schaaf*, 234 Neb. 144, 449 N.W.2d 762 (1989); *Jacox v. State*, 154 Neb. 416, 48 N.W.2d 390 (1951). The defense of the statute of limitations in a criminal case is raised by a defendant's not guilty plea. *Nuss, supra.* The general issue in a criminal case interposes the defense of the statute of limitations, and the burden is on the State to prove all essential elements of the crime charged, including the fact that charges were filed within the period specified by the applicable statute of limitations. See *Jacox, supra.* Accord *Nuss, supra.* If the statute of limitations has expired before an information is filed by the State, a conviction for the offense alleged is not

sustained by the evidence. *Jacox, supra.* See, also, *Nuss, supra* (determining State had not satisfied burden that charges were filed within period specified by applicable statute of limitations).

Procedurally, criminal defendants who wish to challenge the sufficiency of the charges against them do so by filing a plea in abatement or motion to quash. See, e.g., *State v. Lauck,* 261 Neb. 145, 621 N.W.2d 515 (2001); *State v. Pruett,* 258 Neb. 797, 606 N.W.2d 781 (2000); *State v. Franklin,* 194 Neb. 630, 234 N.W.2d 610 (1975); *State v. Ludwig,* 143 Neb. 278, 9 N.W.2d 292 (1943). A defect apparent on the face of the record may properly be reached by a motion to quash. *Ludwig, supra.* An irregularity in the proceedings which does not appear on the face of the record and can be established only by extrinsic evidence can be raised only by a plea in abatement. *Id.* Consequently, a pretrial proceeding raising a statute of limitations defense—a challenge to the sufficiency of the charges—is brought either by a motion to quash or plea in abatement, depending on whether or not the defense appears on the face of the record.

We have consistently held that an order overruling a plea in abatement or motion to quash is not a final, appealable order. See *id.* Most recently, in *Lauck, supra,* we held that the overruling of a plea in abatement challenging the sufficiency of the evidence adduced at a preliminary hearing was not a final order, because the defendant could still make a motion to dismiss at the close of the State's case and raise on appeal the issue whether there was sufficient evidence to convict him. See, also, *Franklin, supra.* Similarly, in *Pruett, supra,* the defendant filed a motion to quash, arguing that the information failed to charge him with a crime. We determined that since the overruling of the defendant's motion did not preclude him from raising the issue on appeal, it was not a final, appealable order. See *id.*

Loyd's statute of limitations argument, while styled as a "motion to discharge," presented a challenge to the sufficiency of the complaint, apparent from the face of the record. We cannot blindly treat this motion as a "motion to discharge" simply because of its title; instead, a determination as to how a motion should be regarded depends upon the substance of the motion, not its title. Cf. *State v. Bellamy,* 264 Neb. 784, 652 N.W.2d 86 (2002). Regardless of how his motion was titled, Loyd's motion

was, in substance, a motion to quash, the overruling of which we have held in other circumstances not to be a final, appealable order.

However, we have not specifically addressed whether the overruling of a motion to quash raising a statute of limitations defense is a final, appealable order. The holding upon which the State relies, that the denial of a motion to discharge on speedy trial grounds affects a substantial right and occurs in a special proceeding, was specifically grounded in the unique right to a speedy trial. A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing. *Lauck, supra.* This court explained, in *State v. Gibbs*, 253 Neb. 241, 245, 570 N.W.2d 326, 330 (1997), that the denial of a motion for absolute discharge based upon an accused criminal's nonfrivolous claim that his or her speedy trial rights were violated was a ruling affecting a substantial right, because the right to a speedy trial "would be significantly undermined if appellate review of nonfrivolous speedy trial claims were postponed until after conviction and sentence." The denial of such a motion "unquestionably affects the subject matter of the litigation because denial of such a motion effectively denies an appellant's speedy trial rights." *State v. Jacques*, 253 Neb. 247, 252, 570 N.W.2d 331, 335 (1997).

This court also explained that a motion for absolute discharge based on the alleged violation of the defendant's speedy trial rights occurred in a special proceeding because a motion to discharge was a legally conferred right that authorized a special application to the court for enforcement. See *id.*, citing Neb. Rev. Stat. § 29-1208 (Reissue 1995). Where the law confers a right and authorizes a special application to a court to enforce the right, the proceeding is special, within the ordinary meaning of the term "special proceeding." *Jacques, supra.* Furthermore, this court explained that a special proceeding is, by definition, not part of an action. *Id.* An action involves prosecuting the alleged rights between the parties and ends in a final judgment, whereas a special proceeding does not. *Id.* A motion to discharge is a special proceeding, because it is a statutory remedy which is not itself an action, and because the motion

does not prosecute alleged rights between parties or end in final judgment. *Id.*

This court's reasoning in *Jacques, supra,* and *Gibbs, supra,* does not apply in this case. When Loyd's "motion to discharge" was overruled by the county court, Loyd did not suffer the diminishment of a defense previously available to him, because he could continue to challenge the sufficiency of the evidence to prove that the charges were filed within the period specified by the applicable statute of limitations. See *State v. Nuss,* 235 Neb. 107, 454 N.W.2d 482 (1990). The overruling of Loyd's motion did not affect a substantial right. Furthermore, the statutory motion to discharge that this court held to be a special proceeding in *Jacques* is not implicated here, because that statute is limited to alleged violations of the right to a speedy trial. See § 29-1208. Loyd's motion was not brought in the context of a special statutory remedy. Instead, because a statute of limitations defense is part of the general issue in a criminal case, see *Jacox v. State,* 154 Neb. 416, 48 N.W.2d 390 (1951), it addresses the merits of the State's case against the defendant, and a motion premised on such a defense is not a special proceeding, but part of the action.

In short, the overruling of Loyd's motion, based on the statute of limitations, was not a final, appealable order. Loyd's motion, while titled a "motion to discharge," was in substance a motion to quash, the overruling of which we have repeatedly held is not a final, appealable order. The overruling of a pretrial motion raising a statute of limitations defense neither affects a substantial right nor occurs in the context of a special proceeding. The State's argument that Loyd was required to appeal from the overruling of his motion within 30 days is without merit.

JURISDICTION BASED ON SUPPLEMENTAL
MOTION TO DISCHARGE

The next question to be considered, however, is whether the statute of limitations argument is properly before this court in this appeal. It is well established, as previously noted, that the overruling of Loyd's supplemental motion to discharge on speedy trial grounds was a final, appealable order. But while that suffices to establish appellate jurisdiction over that order, it does

not confer jurisdiction on this court to consider Loyd's statute of limitations argument.

While the terms are closely related, there is an important distinction between a "final judgment" and a "final order" as that term is used in § 25-1902. A "judgment" is a court's final consideration and determination of the respective rights and obligations of the parties to an action as those rights and obligations presently exist. *Custom Fabricators v. Lenarduzzi*, 259 Neb. 453, 610 N.W.2d 391 (2000). An order entered by a court may affect a substantial right and be subject to review as a final order although it could not or need not be properly denominated a judgment. *Western Smelting & Refining Co. v. First Nat. Bank*, 150 Neb. 477, 35 N.W.2d 116 (1948). Cf. *Akins v. Chamberlain*, 164 Neb. 428, 82 N.W.2d 632 (1957); *Wunrath v. Peoples Furniture & Carpet Co.*, 98 Neb. 342, 152 N.W. 736 (1915).

A judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record. Neb. Rev. Stat. § 25-1911 (Reissue 1995). But pursuant to this statute, an appellate court's jurisdiction is limited to the judgment or final order from which the appeal is taken. An appeal from a final order may raise, on appeal, every issue presented by the order that is the subject of the appeal. *Tom-Wat, Inc. v. Fink*, 741 N.E.2d 343 (Ind. 2001). Cf., *Upah v. Ancona Bros. Co.*, 246 Neb. 608, 521 N.W.2d 906 (1994); *In Matter of Estate of Ruediger*, 83 Wis. 2d 109, 264 N.W.2d 604 (1978). But that jurisdiction does not extend to issues that are not presented by the final order, because an appellate court's jurisdiction to grant relief pursuant to § 25-1911 is limited to reversal, vacation, or modification of the final order from which the appeal is taken. In other words, while an appellate court can reverse, vacate, or modify a final order, it cannot address issues that do not bear on the correctness of the final order upon which its appellate jurisdiction is based.

In the instant case, the final order at issue is the overruling of Loyd's supplemental motion to discharge on speedy trial grounds. We have jurisdiction, pursuant to § 25-1911, to reverse, vacate, or modify that order. But whether or not the State's prosecution of Loyd is barred by the statute of limitations does not affect whether or not Loyd's supplemental motion to discharge on speedy trial

grounds was properly overruled. Consequently, the statute of limitations question is not relevant to our analysis of the only final order we have jurisdiction to affect in the instant appeal. Loyd's timely appeal from a final, appealable order does not confer jurisdiction on this court to consider other issues that may be present in the case, but are not implicated by the final order on appeal. As Loyd's statute of limitations claim is outside the scope of our appellate review, we do not consider it.

### SPEEDY TRIAL MOTION

 Loyd has perfected an appeal from the final, appealable order overruling his supplemental motion to discharge on speedy trial grounds. The constitutional right to a speedy trial is guaranteed by U.S. Const. amend. VI and Neb. Const. art. I, § 11. The constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other. *State v. Karch*, 263 Neb. 230, 639 N.W.2d 118 (2002). In this case, Loyd's supplemental motion to discharge was based solely on the alleged violation of his right to a speedy trial under the state and federal Constitutions. We have applied the same standards to our speedy trial analysis under both U.S. Const. amend. VI and Neb. Const. art. I, § 11. See, e.g., *State v. Pilgrim*, 182 Neb. 594, 156 N.W.2d 171 (1968).

 Determining whether a defendant's constitutional right to a speedy trial has been violated requires a balancing test in which the courts must approach each case on an ad hoc basis. This balancing test involves four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. None of these four factors standing alone is a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial; rather, the factors are related and must be considered together with such other circumstances as may be relevant. *State v. Feldhacker*, 267 Neb. 145, 672 N.W.2d 627 (2004).

 But the constitutional right to a speedy trial is not implicated until after the accused has been charged or arrested, even though the prosecuting authorities had knowledge of the offense. *State v. Meese*, 257 Neb. 486, 599 N.W.2d 192 (1999); *State v. Huebner*, 245 Neb. 341, 513 N.W.2d 284 (1994), *abrogated on*

*other grounds, State v. Morris*, 251 Neb. 23, 554 N.W.2d 627 (1996). In this case, Loyd seeks discharge of the charge of second-offense DUI in violation of § 60-6,196(2), but the delay on which his speedy trial argument is based occurred before that particular complaint was filed. Consequently, his speedy trial argument is without merit.

██ We note that preindictment delay can form the basis of an argument that a defendant's rights under the Due Process Clause were violated, see *Meese, supra*, and that Loyd made a short argument in that regard. However, we held in *Meese* that the overruling of a motion based upon such a due process argument is not a final, appealable order, and we refused to consider such an argument in an interlocutory appeal. We likewise lack jurisdiction to consider such an argument in this appeal.

## CONCLUSION

Loyd's speedy trial argument is without merit, as it is based on delays which occurred before the complaint which he seeks to discharge was filed. Because we do not have jurisdiction to consider Loyd's other arguments, the order of the district court, affirming the order of the county court overruling Loyd's motion to discharge on speedy trial grounds, is affirmed.

AFFIRMED.