STATE OF NEBRASKA, APPELLEE, V.
DONALD DOCKERY, APPELLANT.
729 N.W.2d 320

Filed April 6, 2007.   No. S-06-526.

Thomas C. Riley, Douglas County Public Defender, and John J. Jedlicka for appellant.

Jon Bruning, Attorney General, and Erin E. Leuenberger for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

Wright, J.

## NATURE OF CASE

Donald Dockery filed a motion to discharge on speedy trial grounds. The Douglas County District Court overruled the motion, and Dockery appeals.

## SCOPE OF REVIEW

■ As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Loyd*, 269 Neb. 762, 696 N.W.2d 860 (2005).

## FACTS

On December 15, 2003, Dockery was charged by information in docket No. 161-506 with one count of criminal impersonation and one count of theft by deception. On March 29, 2004, Dockery filed a motion to suppress statements he had given to police. Dockery refused to appear for a hearing on the motion on April 2. The hearing was rescheduled twice and eventually held on July 22. Dockery again declined to participate in a hearing on September 23, and the matter was continued. Dockery's motion to suppress was still pending when the State moved to dismiss the case on October 5. The district court granted the motion and dismissed the case. On October 6, the State filed an information in docket No. 164-090, charging Dockery with one count of criminal impersonation, one count of theft by deception, and with being a habitual criminal. Dockery again filed a motion to suppress on November 2.

After a preliminary hearing on January 3, 2005, the district court determined that the State had met its burden of proof in establishing probable cause. Dockery's motion to suppress was overruled on March 15, and he filed a motion in limine on March 17. After a hearing on March 18, the court determined that issues involving evidentiary matters would be taken up at trial.

The district court granted the State's motion to continue the trial from March 24, 2005, to April 11. As the proceedings were about to begin on April 11, Dockery moved to continue because he needed medical attention. There was no supporting medical evidence, and the district court denied the motion. About an hour later, Dockery was escorted from the courthouse by paramedics

and taken to a hospital. The court rescheduled trial for 9 a.m. on April 12. However, during the afternoon of April 11, the court reconvened and was advised that Dockery had been hospitalized. The court determined that the next available date for trial was the week of July 18.

Dockery failed to appear for a hearing on June 2, 2005, and a capias was issued. Dockery was present at a hearing on July 7, and his bond was forfeited. When the case was called for trial on July 21, Dockery experienced medical problems during voir dire. His medical condition was assessed, and voir dire was adjourned until the next day. On July 22, the district court reported that Dockery had been admitted to the hospital, and a mistrial was declared. On July 27, the court ordered mental and physical examinations of Dockery to determine his competence to stand trial. A status hearing was held on August 26, and the matter was reset for October 11.

On December 1, 2005, a status hearing was held with Dockery present in order to advise him of the consequences of a refusal to submit to examinations. At a hearing on December 20, the district court discussed the trial schedule and Dockery's refusal to submit to a physical examination. The court told Dockery that trial would begin on January 23, 2006, and that Dockery could leave if he had medical problems. Dockery filed a pro se motion to dismiss on March 8, and his counsel filed a motion to discharge on March 15. The motions were argued and submitted on March 20. The motion to discharge was denied in an order filed on April 17.

## ASSIGNMENT OF ERROR

Dockery assigns as error the district court's overruling his motion to discharge, asserting that the State did not bring him to trial within 6 months as required by Neb. Rev. Stat. § 29-1207 (Reissue 1995); Neb. Const. art. I, § 11; and U.S. Const. amend. VI.

## ANALYSIS

Neb. Rev. Stat. § 29-1208 (Reissue 1995) requires discharge of a defendant whose case has not been tried before the running of the time for trial. Section 29-1207 provides that trial shall be commenced within 6 months after the filing of the information,

unless the 6 months are extended by any excludable period as set out in the statute.

Dockery's speedy trial calculation begins with the filing of the information in docket No. 161-506 on December 15, 2003. He then outlines the time during which the speedy trial period was tolled based on motions he filed. His calculations stop on July 22, 2005, the date the mistrial was declared. He argues that trial should not have started on July 21 because it was more than 180 days after the information was filed in docket No. 161-506.

■ Dockery has waived any objection on the basis of a violation of the right to a speedy trial because he did not file a motion to discharge before trial started. Neb. Rev. Stat. § 29-1209 (Reissue 1995) provides that "[f]ailure of the defendant to move for discharge prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to speedy trial." Dockery did not file a motion to discharge until March 8, 2006; however, trial started on July 21, 2005. Therefore, Dockery has waived the right to argue that he is entitled to discharge based on speedy trial grounds with respect to the period ending July 21, 2005.

■ Once a mistrial is granted, the speedy trial clock is restarted. Pursuant to § 29-1207(3), if a defendant "is to be tried again *following a mistrial,* an order for a new trial, or an appeal or collateral attack," the 6-month period "shall commence to run from the date of the mistrial, order granting a new trial, or the mandate on remand." (Emphasis supplied.) See, also, *State v. Bennett,* 219 Neb. 601, 365 N.W.2d 423 (1985) (6-month speedy trial period begins on date mistrial is ordered). Dockery makes no reference to this provision and includes periods of time after the mistrial was granted in his calculations.

To the extent that Dockery's argument can be interpreted to assert that his right to a speedy trial was violated by the passage of time between the mistrial and the filing of the motion to discharge, we find no error. After declaring a mistrial, the district court scheduled a status hearing for July 27, 2005, in order to have Dockery evaluated to determine his psychological competence to stand trial. The court also stated it would seek input regarding Dockery's medical condition and his physical ability to participate in a trial. In setting the schedule, the court stated

that the time between July 22 and the status hearing on July 27, as well as any time that passed before a determination was made about Dockery's medical and psychological competence, would be charged to Dockery and would not count against the speedy trial period.

The trial docket indicates that on July 27, 2005, a status hearing was held with counsel present and that a psychological examination was ordered. Another status hearing was held on August 26. On December 1, a status hearing was set for December 20, at which Dockery was to be present so he could be advised of the consequences of a refusal to be examined. At the hearing on December 20, the district court informed Dockery that if he continued to refuse medical attention and had medical problems during the proceedings, he should leave the courtroom and the trial would proceed in his absence.

■ The time between the status hearings on July 27 and December 20, 2005, is not included in calculating the speedy trial period. Pursuant to § 29-1207(4)(a), the 6-month speedy trial clock excludes any "period of delay resulting from other proceedings concerning the defendant, including but not limited to an *examination and hearing on competency* and the period during which he is incompetent to stand trial." (Emphasis supplied.) See, also, *State v. Teater*, 217 Neb. 723, 351 N.W.2d 60 (1984) (delay due to proceedings to determine competency tolled defendant's right to speedy trial); *State v. Bolton*, 210 Neb. 694, 316 N.W.2d 619 (1982) (period of delay attributable to psychiatric evaluations and treatment properly excludable under § 29-1207(4)(a)). The period between July 27 and December 20 was attributable to a delay resulting from an attempt to have Dockery examined to determine his mental and physical competency to stand trial. Once he was advised at the December 20 status hearing of the consequences of refusal to take part in examinations, the speedy trial clock started running again.

■ Dockery filed yet another motion to suppress on January 12, 2006. Section 29-1207(4)(a) excludes from speedy trial calculations the time from filing until final disposition of pretrial motions by the defendant, including motions to suppress. Dockery's motion stopped the speedy trial clock. The period between the hearing on December 20, 2005, and the filing of the

motion to suppress on January 12, 2006, covered 23 days toward the 6 months allowed for trial. The motion to suppress had not yet been ruled on when Dockery filed a motion to discharge on March 8.

To avoid a defendant's absolute discharge from an offense charged, as dictated by § 29-1208, the State must prove by a preponderance of the evidence the existence of a period of time which is authorized by § 29-1207(4) to be excluded in computing the time for commencement of the defendant's trial. *State v. Knudtson*, 262 Neb. 917, 636 N.W.2d 379 (2001). As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Loyd*, 269 Neb. 762, 696 N.W.2d 860 (2005).

The only error made by the district court was in excluding 5 days between July 22, 2005, when the mistrial was declared, and July 27, when the first status hearing was held. The court stated that Dockery would be charged with the period between the date of the mistrial and the date of a determination about Dockery's medical and psychological competence. The psychological examination was not ordered until July 27, and the 5 days between the court's statement and entry of the order should have been included in calculating the 6-month speedy trial period. Adding this 5 days to the 23 days mentioned earlier results in a finding that 28 days elapsed in the current 6-month speedy trial period, which began on the date the mistrial was granted. Thus, we find no statutory violation of Dockery's speedy trial rights.

Dockery also asserts that his state and federal constitutional rights to a speedy trial have been violated. However, he does not specifically argue this claim in his brief. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Robinson*, 272 Neb. 582, 724 N.W.2d 35 (2006). The question of whether Dockery's constitutional rights to a speedy trial were violated was not raised in a memorandum brief filed with the district court. Nor did the district court address the constitutional issue in its order denying the motion to discharge. When an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot

commit error in resolving an issue never presented and submitted to it for disposition. *State v. Iromuanya*, 272 Neb. 178, 719 N.W.2d 263 (2006). We decline to consider the alleged violation of Dockery's constitutional rights because the issue has not been specifically assigned and argued on appeal and it was not raised in the court below.

## CONCLUSION

The judgment of the district court overruling Dockery's motion to discharge is affirmed.

AFFIRMED.