Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/06/2022 09:09 AM CDT

STATE OF NEBRASKA, APPELLEE,
v. KYLE S. ABERNATHY,
APPELLANT.
___ N.W.2d ___

Filed February 11, 2022.    No. S-21-016.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.
2. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides.
3. **Speedy Trial.** The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016).
4. ____. To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).
5. **Constitutional Law: Speedy Trial.** A pretrial order denying a motion for discharge on constitutional speedy trial grounds does not affect a substantial right in a special proceeding for purposes of Neb. Rev. Stat. § 25-1902(1)(b) (Cum. Supp. 2020).

Appeal from the District Court for Sarpy County: MICHAEL A. SMITH, Judge. Affirmed in part, and in part dismissed.

April O'Loughlin, Assistant Sarpy County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ., and DAUGHERTY, District Judge.

PAPIK, J.

Kyle S. Abernathy appeals an order of the district court overruling his motion for absolute discharge, which asserted violations of his constitutional and statutory rights to a speedy trial. See, U.S. Const. amend VI; Neb. Const. art. I, § 11; Neb. Rev. Stat. §§ 29-1205 to 29-1209 (Reissue 2016). Abernathy primarily argues that the district court erred by finding that continuances of trial in response to the COVID-19 pandemic were for good cause. For reasons we will explain, we affirm in part, and in part dismiss.

## BACKGROUND

*Information, Pretrial Motions, and*
*Initial Continuances of Trial.*

On September 10, 2019, Abernathy was charged by information with one count of first degree sexual assault. He thereafter made several pretrial motions.

One of Abernathy's pretrial motions was an oral motion to continue the trial made on October 22, 2019. The district court granted the request that day and set trial for January 22, 2020. On January 14, the district court, on its own motion, continued the trial to March 18.

*District Court's COVID-19 Continuances.*

On March 17, 2020, the district court, again acting on its own motion, continued the trial previously scheduled for March 18 to May 20. In its order continuing the trial, the district court made a number of observations regarding the COVID-19 pandemic. It observed that the spread of COVID-19 had begun to impact a variety of societal and governmental functions in Nebraska; that the President of the United States and the Governor of Nebraska had issued emergency proclamations; that the Chief Justice of the Nebraska Supreme Court had ordered the courts to continue to function but "placed

restrictions on individuals that may have been exposed to the virus"; that the U.S. District Court of Nebraska had continued jury trials for the month of March 2020 in an order noting that "the gathering of jurors may be seen as contrary to the advice being given by public health officials, and that these health concerns would likely interfere with the ability to select a jury and with the jury's deliberations"; that a "Douglas County judge" had continued a jury trial to allow those potential jurors to adapt to the closing of schools and daycare facilities; that the district court had consulted with the local health department and, while there was no recommendation that the trial be continued, was advised that the situation was changing rapidly and that the recommendation could change in a few days; and that after this communication with local health authorities, there had been "additional restrictions from various officials regarding public gatherings." Based on these reasons, the district court stated that there was "good cause" for the continuance under § 29-1207(4)(f). The district court also stated that it was "willing to address any speedy trial matters, including the findings of this order, upon the motion of a party with appropriate notice given."

On the same day it entered the order continuing the trial, the district court held a hearing on a motion in limine filed by the State. During the hearing, the district court explained its decision to continue the trial. It also stated that if the parties wished to raise any issues regarding the continuance or "speedy trial factors," they could file a motion. Abernathy's counsel responded that she would read the order of continuance and then "file whatever motion needs to be filed."

The district court continued the trial again on April 17, 2020. The district court's order of continuance stated, "Given the current public health emergency due to the COVID-19 disease, the Court is continuing or canceling all in-person hearings and trials." It found that "the safety and health of the participants is good cause for continuance." Trial was scheduled for July 7 through 24, with specific dates to be determined later.

At a pretrial conference on June 16, 2020, both defense counsel and the State agreed to a trial date of September 8, and the district court issued an order setting trial. On August 13, the district court ordered the case to be called for a jury trial on September 9.

*Motion for Discharge.*

On August 31, 2020, Abernathy filed a motion for absolute discharge. He asserted that he was entitled to discharge because the State had violated his statutory and constitutional rights to a speedy trial. The district court held a hearing on the motion on September 29. It took judicial notice of the entire court file, and the State introduced transcripts of certain hearings held in the case.

Later that same day, the State filed what it styled as a "Motion to Establish Good Cause." The motion requested that the district court find that the time between March 16 and September 8, 2020, was excluded for purposes of the statutory speedy trial calculations, because there was "good cause" for such delay under § 29-1207(4)(f).

A hearing was held on the State's motion. At the hearing, the State offered evidence, which included (1) a March 13, 2020, proclamation by the Governor of Nebraska declaring a state of emergency within the State of Nebraska due to COVID-19; (2) a press release from the Governor dated March 17, 2020, reminding Nebraskans about the new guidelines from the Centers for Disease Control and Prevention to limit gatherings to 10 people or less; (3) an order dated March 18, 2020, from the judicial district's presiding judge excusing jurors from service for the next 30 days because of the public health emergency caused by COVID-19; (4) an order extending the aforementioned order through May 31; (5) another order extending the aforementioned order through the end of June 2020 for the district court jury panel; and (6) the district court's sua sponte orders of continuance in this case. Attached to the presiding judge's initial order excusing jurors from jury

service were affidavits from the Sarpy County jury commissioner and the clerks of the district courts of Sarpy County and Cass County stating that impaneling the required number of prospective jurors would violate public gathering limits set forth by the Centers for Disease Control and Prevention and other entities.

Abernathy objected to the State's offer of evidence, claiming that the district court lacked "jurisdiction to reopen the record." Abernathy argued that once he filed his motion for discharge, the district court could not receive evidence offered to support a finding of "good cause" under § 29-1207(4)(f). The district court took under advisement the question of whether it could receive the State's evidence for purposes of Abernathy's motion for discharge.

The district court ultimately overruled Abernathy's motion for discharge in a written order. The district court found that Abernathy's pretrial motions and request for a continuance resulted in 170 excluded days. The district court also found an additional period of excluded time between March 18 and July 1, 2020. The district court rejected Abernathy's argument that it lacked jurisdiction to consider the evidence the State offered regarding the COVID-19 pandemic and received it for purposes of the motion for discharge. It then relied on that evidence to find that it "was effectively precluded from holding jury trials" from the entry of the continuance on March 18 through July 1 and such delay was thus for "good cause" under § 29-1207(4)(f). Accounting for the number of excluded days, the district court found that the State had until December 18 to bring Abernathy to trial and that Abernathy was not entitled to discharge.

The district court also found no merit to Abernathy's argument that his constitutional speedy trial rights were violated.

Abernathy appealed.

ASSIGNMENTS OF ERROR

Abernathy assigns several errors, but they can be consolidated and restated as two: (1) that the district court erred by

finding his statutory speedy trial rights were not violated and (2) that the district court erred by finding that his constitutional speedy trial rights were not violated.

## STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019).

[2] A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides. *Mutual of Omaha Bank v. Watson*, 301 Neb. 833, 920 N.W.2d 284 (2018).

## ANALYSIS

*Statutory Right to Speedy Trial.*

[3] Abernathy contends that he was entitled to discharge because the State violated his statutory right to a speedy trial. The statutory right to a speedy trial is set forth in §§ 29-1207 and 29-1208. *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014). Under these statutes, criminal defendants must be brought to trial by a 6-month deadline, but certain periods of delay are excluded and thus can extend the deadline. See *Lovvorn, supra*. Relevant to this appeal, § 29-1207(4)(f) provides that periods of delay not specifically enumerated in the statute may be excluded, "but only if the court finds that they are for good cause." If a defendant is not brought to trial by the 6-month speedy trial deadline, as extended by any excluded periods, he or she is entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense. See *Lovvorn, supra.*

Abernathy's appeal is focused on the district court's determination that the period of time between March 18 and July 1, 2020, was a period of delay for good cause under § 29-1207(4)(f) and thus excluded. In his initial brief on

appeal, Abernathy presented two arguments in support of his position that the district court erred in its good cause determination. First, he argued that the State was obligated to present evidence that would support a finding of good cause prior to the filing of the motion for discharge and that it did not do so. Second, and alternatively, he argued that even if the district court could consider evidence presented after the filing of the motion for discharge, the record did not contain evidence that would support a finding of good cause.

Abernathy was not the only criminal defendant to make such arguments to challenge findings that continuances entered in response to the COVID-19 pandemic were for good cause. After the submission of briefs in this case, we addressed substantially similar arguments in *State v. Chase, ante* p. 160, 964 N.W.2d 254 (2021), and *State v. Brown, ante* p. 224, 964 N.W.2d 682 (2021). In *Chase, supra*, we held that evidence of good cause is properly presented at a hearing on a motion for absolute discharge and need not be presented at the time of a court's sua sponte order delaying trial. And in *Brown, supra*, we held that the district court did not clearly err when it found that continuances of trial in response to the COVID-19 pandemic in March and May 2020 were for good cause. We noted that the State had presented evidence of restrictions imposed as a result of the pandemic and that the district court had taken judicial notice of "various . . . orders and declarations of public officials and directives of health agencies such as the [local] Health Department and the CDC." *Id.* at 236, 964 N.W.2d at 691.

In light of our decisions in *Chase* and *Brown*, Abernathy's arguments fail. Under *Chase*, the State was not obligated to present evidence that would support a finding of good cause prior to the filing of the motion for discharge. And we see no meaningful difference between the evidence regarding the COVID-19 pandemic that we found supported a finding of good cause in *Brown* and the evidence offered by the State in this case.

Faced with our decisions in *Chase* and *Brown*, Abernathy raised a new contention at oral argument. There, he contended that the district court lacked jurisdiction to allow the State to present evidence that would support a finding of good cause after the conclusion of the hearing on his motion for discharge on September 29, 2020. Abernathy's jurisdictional argument is misplaced. The district court had subject matter jurisdiction of this criminal felony case, and prior to its order denying Abernathy's motion for discharge, no appeal had been filed that would divest it of that jurisdiction. See, *In re Estate of Adelung*, 306 Neb. 646, 657-68 947 N.W.2d 269, 282 (2020) ("[s]ubject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved"); *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017) (explaining that appellate court acquires jurisdiction if party appeals from final order or judgment).

We understand the district court to have treated the State's "Motion to Establish Good Cause" as, effectively, a motion to reopen the record for the submission of additional evidence on the motion for discharge. The district court did not lack jurisdiction to reopen the record. The reopening of the record to receive additional evidence on the motion was a matter within the district court's discretion. See, e.g., *State v. Stricklin*, 290 Neb. 542, 861 N.W.2d 367 (2015) (reviewing denial of motion to reopen evidence for abuse of discretion); *Myhra v. Myhra*, 16 Neb. App. 920, 925, 756 N.W.2d 528, 536 (2008) ("[t]he reopening of a case to receive additional evidence is a matter within the discretion of the district court and will not be disturbed on appeal in the absence of an abuse of that discretion").

[4] Given our conclusion that the district court did not err by finding that the period of time between March 18 and July 1, 2020, was excluded for good cause, Abernathy's argument that his statutory speedy trial rights were violated cannot

succeed. To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *State v. Liming*, 306 Neb. 475, 945 N.W.2d 882 (2020). Because the information in this case was filed on September 10, 2019, the State had until March 10, 2020, to bring Abernathy to trial if there were no excluded days. Abernathy concedes, however, that the district court properly found over 100 excluded days as a result of his various pretrial motions and request for a continuance. When those excluded days and the days the district court found were excluded for good cause are added, time remained on the speedy trial clock when Abernathy filed his motion for discharge. The district court thus did not err in overruling the motion for discharge on statutory speedy trial grounds.

*Constitutional Right to Speedy Trial.*

Abernathy also claims that the district court erred by finding that his constitutional right to a speedy trial was not violated. We have held and reaffirmed on a number of occasions that the denial of a motion for discharge on statutory speedy trial grounds is an order that affects a substantial right in a special proceeding and thus is immediately appealable. See *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997). See, also, *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). We do not appear, however, to have previously analyzed whether the denial of a motion for discharge on *constitutional* speedy trial grounds is also immediately appealable.

In their initial briefing, both parties assume that we could review Abernathy's constitutional speedy trial claim in this appeal. That assumption is understandable as we have previously considered the merits of constitutional speedy trial arguments in other immediate appeals. See, e.g., *State v. Brown, ante* p. 224, 964 N.W.2d 682 (2021); *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019); *State v. Gill*, 297 Neb. 852, 901 N.W.2d 679 (2017); *State v. Bridgeford*, 298 Neb. 156,

903 N.W.2d 22 (2017), *modified on denial of rehearing* 299 Neb. 22, 907 N.W.2d 15 (2018), and *disapproved on other grounds, Lovvorn, supra*; *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014); *State v. Loyd*, 269 Neb. 762, 696 N.W.2d 860 (2005); *State v. Feldhacker*, 267 Neb. 145, 672 N.W.2d 627 (2004); *State v. Tucker*, 259 Neb. 225, 609 N.W.2d 306 (2000). We did not, however, analyze our appellate jurisdiction in those cases, and we cannot merely assume that it exists. To the contrary, it is our duty to independently determine whether we have jurisdiction over the matters before us. See *State v. Uhing*, 301 Neb. 768, 919 N.W.2d 909 (2018). With that duty in mind, we ordered the parties to submit supplemental briefs addressing whether we have appellate jurisdiction over Abernathy's claim that the district court erred by finding that he was not entitled to discharge on constitutional speedy trial grounds. We take up that issue now.

An assessment of whether we have appellate jurisdiction to consider Abernathy's constitutional speedy trial argument must begin with Neb. Rev. Stat. § 25-1902(1) (Cum. Supp. 2020). That statute enumerates four categories of "final orders," which appellate courts are authorized to "vacate[], modif[y], or reverse[]." See, also, Neb. Rev. Stat. § 25-1911 (Reissue 2016) ("[a] judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record"). The denial of a motion for discharge based on constitutional speedy trial grounds could possibly fit in only one of those categories—"[a]n order affecting a substantial right made during a special proceeding." § 25-1902(1)(b). But as we will explain, we find that it does not.

Our conclusion—that an order denying a motion for discharge based on constitutional speedy trial grounds is not an order affecting a substantial right during a special proceeding—is largely informed by the Nebraska Court of Appeals' opinion in *State v. Wilson*, 15 Neb. App. 212, 724 N.W.2d 99 (2006). There, the Court of Appeals concluded that such an

order, standing on its own, does not affect a substantial right and is not issued in a special proceeding.

In support of its conclusion that such an order, standing on its own, does not affect a substantial right, the Court of Appeals relied on *United States v. MacDonald*, 435 U.S. 850, 98 S. Ct. 1547, 56 L. Ed. 2d 18 (1978), a U.S. Supreme Court case in which the court held that a defendant may not take an interlocutory appeal of an order denying a motion to dismiss an indictment based on constitutional speedy trial grounds. The Court of Appeals observed that in *MacDonald*, the U.S. Supreme Court determined that the constitutional speedy trial right was not a "right not to be tried" and that constitutional speedy trial claims, because they usually depend on a showing of prejudice, are best assessed after the development of facts at a trial. *Wilson*, 15 Neb. App. at 220, 724 N.W.2d at 107, quoting *MacDonald, supra* (internal quotation marks omitted). In support of its conclusion that an order denying a motion for discharge based on constitutional speedy trial grounds is not issued in a special proceeding, the Court of Appeals in *Wilson* noted that, unlike the statutory right to a speedy trial, the constitutional right to a speedy trial is not a statutory remedy and does not authorize a special application to a court to enforce it.

[5] A few years after the Court of Appeals' opinion in *Wilson*, we briefly commented upon it in *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). In the course of rejecting an argument that we should overrule our precedent finding that orders denying motions for discharge based on statutory speedy trial rights are immediately appealable, we observed that the Court of Appeals "correctly noted" in *Wilson* that "'speedy trial claims based on statutory grounds are more amenable to resolution prior to trial than are those claims based on constitutional grounds.'" *Id.* at 137, 761 N.W.2d at 520, quoting *Wilson, supra*. While our approving language in *Williams* may have been dicta in that case, we continue to find compelling the reasoning in *Wilson* that an order denying a

motion for discharge on constitutional speedy trial grounds is best resolved after a trial. And given this conclusion, we could hardly say that the constitutional right to a speedy trial would be significantly undermined or irrevocably lost by postponing appellate review, an essential quality of an order that affects a substantial right. See *Tilson v. Tilson*, 299 Neb. 64, 907 N.W.2d 31 (2018). We thus conclude that a pretrial order denying a motion for discharge on constitutional speedy trial grounds does not affect a substantial right in a special proceeding for purposes of § 25-1902(1)(b).

Although the foregoing conclusion may appear to signal the end of the jurisdictional road, a bit more lies ahead. And that is because, in some circumstances, our law allows appellate courts, in the course of reviewing properly appealed final orders, to also consider the merits of other decisions that would not be final orders standing on their own. In *Wilson*, the Court of Appeals relied on this law to conclude that appellate courts could review the overruling of a motion alleging a violation of the constitutional speedy trial right if raised in the context of an appeal also asserting a nonfrivolous claim that the court erred by overruling a motion for discharge based on statutory speedy trial grounds. In his supplemental brief, Abernathy contends that because he raised a nonfrivolous claim of error regarding the overruling of his statutory speedy trial right, we may consider his constitutional speedy trial claim. We find that our statutes governing appellate jurisdiction do not permit us to do so.

In *Wilson*, the Court of Appeals relied on *State v. Loyd*, 269 Neb. 762, 696 N.W.2d 860 (2005), to find that defendants could obtain review of a constitutional speedy trial motion for discharge if joined with a nonfrivolous statutory speedy trial claim. In particular, the Court of Appeals relied on language in *Loyd* stating that "[a]n appeal from a final order may raise, on appeal, every issue presented by the order that is the subject of the appeal." 269 Neb. at 771, 696 N.W.2d at 869. The principal authority for this citation in *Loyd* was an Indiana case,

*Tom-Wat, Inc. v. Fink*, 741 N.E.2d 343 (Ind. 2001). In that case, the trial court filed a single order denying both parties' cross-motions for summary judgment. On appeal, the Indiana Supreme Court concluded that the denials of both motions for summary judgment were properly before it, citing another Indiana Supreme Court case for the proposition that "an interlocutory appeal raises every issue presented by the order that is the subject of the appeal." *Id.* at 346, citing *Harbour v. Arelco, Inc.*, 678 N.E.2d 381 (Ind. 1997).

The meaning of this particular language in *Loyd* is not immediately obvious. Viewed in isolation, one might read it to suggest that a party could obtain appellate review of any trial court finding or directive that happens to appear within a document in which the trial court also issues an order that qualifies as a final order under § 25-1902(1). Such a reading, however, would find no support in our statutes conferring appellate jurisdiction or our cases applying them. To the contrary, our appellate cases recognize that a trial court's every finding and directive does not become immediately reviewable just because it happens to appear in a document containing a final, appealable order. See, e.g., *State v. Gill*, 297 Neb. 852, 901 N.W.2d 679 (2017) (concluding that even if order upon which jurisdiction is based had also disposed of separate motion, portion of order addressing separate issue would not have been appealable).

So when does the appeal of a final order allow a party to also obtain review of a nonfinal order? We believe that § 25-1911 supplies the answer. As *Loyd* went on to explain, § 25-1911 limits the authority of appellate courts to reversing, vacating, or modifying the final order from which the appeal is taken. On some occasions, in order for an appellate court to determine whether a final order was erroneous or void and thus subject to reversal, vacation, or modification, it must review a trial court's determination of other issues. But when, in the language of *Loyd*, a district court's resolution of another issue "do[es] not bear on the correctness of the final order upon

which its appellate jurisdiction is based" it cannot be reviewed. 269 Neb. at 771, 696 N.W.2d at 869.

Our precedent illustrates the line between the two categories of cases discussed above. In *Loyd*, we concluded that we could not review the district court's earlier denial of a motion for discharge based on statute of limitations grounds because whether the prosecution was barred by the statute of limitations did not affect whether the final order that was the subject of the appeal was properly overruled. See, also, *Gill, supra*. On the other hand, in *In re Interest of Michael N.*, 302 Neb. 652, 925 N.W.2d 51 (2019), we held that we could review the denial of motions to dismiss filed by parents in a juvenile case even though, standing alone, they would not be appealable. We concluded we could review the motions to dismiss because the parents had also appealed a detention order, which was final and appealable, and if the action should have been dismissed pursuant to the motions to dismiss, "we would be required to reverse, vacate, or modify the detention order." *Id.* at 667, 925 N.W.2d at 62. Similarly, in *Breci v. St. Paul Mercury Ins. Co.*, 288 Neb. 626, 637, 849 N.W.2d 523, 532 (2014), we found that we could review various nonfinal orders "because a reversal on any of the nonfinal orders would require us to reverse, vacate, or modify the final judgment."

These cases also demonstrate that we cannot review Abernathy's claim that the district court erred by overruling his motion for discharge on constitutional speedy trial grounds. The final order that is the subject of this appeal is the overruling of Abernathy's motion for discharge on statutory speedy trial grounds. That is thus the order that is subject to possible reversal, vacation, or modification under § 25-1911. But even a determination that the district court erred by not granting discharge on constitutional speedy trial grounds would not require the reversal, vacation, or modification of the order overruling the motion for discharge on statutory speedy trial grounds. As we have said on many occasions, "the constitutional right to a speedy trial and the statutory implementation of that right

exist independently of each other." *State v. Brooks*, 285 Neb. 640, 643, 828 N.W.2d 496, 499 (2013).

Moreover, those independent rights are subject to very different modes of analysis, with the statutory speedy trial right analyzed as essentially a math problem with no requirement of prejudice, see *State v. Gnanaprakasam, ante* p. 519, 967 N.W.2d 89 (2021), while the question of whether the constitutional right has been violated is determined through the application of a multifactor balancing test in which prejudice to the defendant is one of the factors, see *State v. Brown, ante* p. 224, 964 N.W.2d 682 (2021). We recognize that we have said that the statutory speedy trial deadline "provides a useful standard for assessing" one of the factors in that multifactor balancing test. See *State v. Lovvorn*, 303 Neb. 844, 852, 932 N.W.2d 64, 70 (2019). But even so, a determination that the district court erred by overruling Abernathy's motion for discharge on constitutional speedy trial grounds would not affect whether we would be obligated to vacate, reverse, or modify the district court's separate determination that time remained on the statutory speedy trial clock at the time Abernathy filed his motion for discharge. Consequently, we may not review the order overruling the motion for discharge on constitutional speedy trial grounds at this time.

As noted above, we acknowledge that in a number of cases in which defendants filed immediate appeals of orders overruling motions for discharge on constitutional speedy trial grounds, we have proceeded to the substance of the claim without stopping to analyze our appellate jurisdiction. Having now considered the issue in this case, however, we determine we lack appellate jurisdiction and thus dismiss that portion of the appeal.

## CONCLUSION

We conclude that the district court did not err in determining that Abernathy was not entitled to absolute discharge on statutory speedy trial grounds. We find that we lack appellate

jurisdiction to review his claim that he was entitled to absolute discharge on constitutional speedy trial grounds. Accordingly, we affirm in part, and in part dismiss.

Affirmed in part, and in part dismissed.

Heavican, C.J., not participating.