Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/10/2022 08:06 AM CST

State of Nebraska, appellee, v.
Gregory Moore, appellant.

___ N.W.2d ___

Filed August 19, 2022.    No. S-21-755.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Judgments: Statutes: Appeal and Error.** To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.

3. **Speedy Trial.** The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016).

4. ____. Periods excluded in computing the time for trial are identified in Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

5. ____. When calculating the time for speedy trial purposes, the State bears the burden to show, by the greater weight of the evidence, that one or more of the excluded time periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) are applicable.

6. ____. Nothing in the text of Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016) requires that the "other proceedings concerning the defendant" occur in the case in which the defendant alleges a statutory speedy trial violation.

7. ____. Broadly construed, Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016) applies to proceedings in the pending case as well as to proceedings in other pending cases.

8. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge. Affirmed.

Kelly S. Breen, of Nebraska Commission on Public Advocacy, for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

CASSEL, J.

## INTRODUCTION

Gregory Moore appeals from the overruling of his motion for discharge based upon Nebraska's speedy trial statutes.[1] Moore contends the district court erred in excluding delay related to his competency proceedings in a different case and to his filing a motion to continue an arraignment. Because the court did not err in excluding delay due to Moore's incompetency to stand trial, we affirm.

## BACKGROUND

### INFORMATION AND PROCEDURAL HISTORY

This appeal originates from proceedings in the district court for Scotts Bluff County in case No. CR20-730. On December 16, 2020, the State filed an information charging Moore with second degree murder and use of a deadly weapon to commit a felony for events occurring on November 25. The information was filed on the same day that the same district court, in case No. CR20-249, an otherwise unrelated felony case, entered an order determining that Moore was incompetent to stand trial.

On December 17, 2020, Moore filed a motion to continue the arraignment set for the next day. The motion stated

---

[1] See Neb. Rev. Stat. §§ 29-1205 to 29-1209 (Reissue 2016).

that within the next 2 weeks, Moore's counsel would file a written not guilty plea and waiver of appearance. The motion requested that the matter be set for a status hearing in February 2021.

On December 18, 2020, the court ordered that the written plea be filed within 2 weeks or Moore "shall appear for an arraignment on December 31." The court's order granting the continuance of the arraignment struck through proposed language stating "and defendant is ordered to appear on the ___ day of February, 2021 at ____ _.m. for Status Hearing."

On December 23, 2020, Moore filed his written not guilty plea. He requested that the court schedule a status hearing within 60 days, but he did not send a proposed order for the court to sign. The court did not set a status hearing.

Nearly 6 months later, on June 15, 2021, the State moved for a status conference. The State attached to its motion a December 16, 2020, order in case No. CR20-249 which found Moore not competent to stand trial. According to the order, Moore was to be committed to the Lincoln Regional Center (LRC) for treatment to restore competency. The order further provided that the court would hold a review hearing to assess Moore's competency every 60 days until either the disability was removed or other disposition of Moore had been made. The court scheduled the status conference for a hearing on July 14.

At the beginning of the July 14, 2021, hearing, the court stated that it was holding status hearings in both cases Nos. CR20-249 and CR20-730. The court recited that Moore had been sent to the LRC for a determination of competency, that he had been evaluated, and that the court had received a July 1 report. According to the report, Moore remained incompetent to stand trial.

In case No. CR20-249, the court received as evidence the July 2021 report from the LRC. The court found that Moore was continuing to receive treatment at the LRC, noted the recommendation that Moore remain at the LRC "as he is still

at this point not competent to stand trial," stated that it would continue to order his commitment to the LRC, and scheduled a review hearing for September 14.

Turning to case No. CR20-730, the State offered the same July 2021 report from the LRC. Moore's counsel lodged a relevancy objection, observing that competency proceedings had not been instituted in case No. CR20-730. According to Moore's counsel, Moore had maintained that he acted in self-defense at the time of the crimes charged in the instant case. Moore's counsel further stated that Moore understood the function of a trial and the duties of the judge, prosecutor, and jury. The court overruled the objection and received the report.

## Motion for Discharge and Hearing

Prior to the status hearing, on July 6, 2021, Moore filed a motion for discharge. In August, the court held an evidentiary hearing on the motion. Moore appeared by video from the LRC. The parties collectively offered six exhibits, which the court received.

One exhibit contained a certified copy of the file in case No. CR20-249. That exhibit showed that in April 2020, the State filed an information in Scotts Bluff County District Court charging Moore with terroristic threats, third degree assault, and use of a deadly weapon to commit a felony. Pursuant to Moore's suggestion of incompetency, the court ordered an evaluation and later set a competency hearing for December 15. The exhibit contained the court's December 16 order finding Moore incompetent to stand trial.

The court received into evidence a November 25, 2020, evaluation of Moore. The court had ordered the evaluation to address Moore's capacity to proceed to trial in case No. CR20-249. The evaluator opined:

> Moore currently lacks the ability to understand the factual components of the legal proceedings, he does not presently maintain sufficient ability to apply that knowledge

to his own case in a rational manner <u>or</u> meaningfully
assist his attorney in his own defense as a result of his
ongoing symptoms of mental illness.
(Emphasis in original.)

### District Court's Order

The court overruled Moore's motion for discharge. It excluded
from the speedy trial calculation the time from December 17,
2020, through July 14, 2021, under § 29-1207(4)(b) and (f).
The court stated that Moore requested a continuance but did
not provide a written order approving the waiver, nor did
Moore file anything asking that the waiver be approved. Thus,
the court found that the delay resulted from "Moore's inac-
tion to file the acceptance of waiver and/or failure to set a
status hearing."

The court also excluded the time between December 17,
2020, through the date of its September 13, 2021, order under
§ 29-1207(4)(a) and (d). It determined that the State showed
Moore was found to be incompetent to stand trial in case
No. CR20-249. The court reasoned that because Moore had
been found incompetent in that case, he could not "argue that
he is competent to stand trial in this case." The court further
stated that Moore's commitment to the LRC by the court's
order in case No. CR20-249 made him "unavailable" in the
instant case.

Moore filed a timely appeal. We granted the State's petition
to bypass review by the Nebraska Court of Appeals.[2]

### ASSIGNMENTS OF ERROR

Moore assigns, reordered, that the court erred in (1) "hold-
ing that the time delay herein was the result of other proceed-
ings and unavailability of [Moore] caused by competency
proceedings instituted in [case No. CR20-249]" and (2) "hold-
ing that the time delay herein was caused by [Moore's] filing

---

[2] See Neb. Rev. Stat. § 24-1106(2) (Cum. Supp. 2020).

of a motion to continue the arraignment set for December 18, 2020[,] and subsequently filing a written waiver of appearance and not guilty plea on December 23."

## STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[3]

[2] To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.[4]

## ANALYSIS

### Speedy Trial Principles

[3] The statutory right to a speedy trial is set forth in §§ 29-1207 and 29-1208.[5] Under these statutes, criminal defendants must be brought to trial by a 6-month deadline, but certain periods of delay are excluded and thus can extend the deadline.[6] If a defendant is not brought to trial by the 6-month speedy trial deadline, as extended by any excluded periods, he or she is entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.[7]

[4,5] Periods excluded in computing the time for trial are identified in § 29-1207(4). When calculating the time for speedy trial purposes, the State bears the burden to show, by the greater weight of the evidence, that one or more of the

---

[3] *State v. Bixby*, 311 Neb. 110, 971 N.W.2d 120 (2022).

[4] *Id.*

[5] *State v. Abernathy*, 310 Neb. 880, 969 N.W.2d 871 (2022).

[6] *Id.*

[7] *Id.*

excluded time periods under § 29-1207(4) are applicable.[8] Pertinent to this appeal, the following periods are excludable:

(a) The period of delay resulting from other proceedings concerning the defendant, including, but not limited to, an examination and hearing on competency and the period during which he or she is incompetent to stand trial; the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement, and motions for a change of venue; and the time consumed in the trial of other charges against the defendant;

(b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel. A defendant without counsel shall not be deemed to have consented to a continuance unless he or she has been advised by the court of his or her right to a speedy trial and the effect of his or her consent. A defendant who has sought and obtained a continuance which is indefinite has an affirmative duty to end the continuance by giving notice of request for trial or the court can end the continuance by setting a trial date. When the court ends an indefinite continuance by setting a trial date, the excludable period resulting from the indefinite continuance ends on the date for which trial commences. A defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period;

. . . .

(d) The period of delay resulting from the absence or unavailability of the defendant;

---

[8] *State v. Hernandez*, 309 Neb. 299, 959 N.W.2d 769 (2021).

. . . .

(f) Other periods of delay not specifically enumerated in this section, but only if the court finds that they are for good cause.[9]

We consider the potential application of these subsections in resolving whether the court erred in overruling Moore's motion for discharge.

## Overruling of Motion for Discharge

The district court excluded two periods of delay in computing the time for trial. Each period began running on the day following the filing of the information and remained running when Moore filed his motion for discharge. We start with the court's finding pertaining to competency proceedings in case No. CR20-249.

Moore argues that the court erred in finding that the delay was both the result of other proceedings and unavailability caused by competency proceedings, when those proceedings were instituted in a different case. We disagree. As explained below, the district court did not err in finding the delay excludable under § 29-1207(4)(a).

Delays associated with competency are typically excluded from the speedy trial clock.[10] When a person becomes mentally incompetent after committing an offense, Nebraska law forbids trying the person for the offense until the disability is removed.[11] Thus, it would be illogical to force the State to bring an incompetent defendant to trial within 6 months when the defendant could not be subjected to a criminal trial. The twist in this case is that the competency proceedings and finding of incompetency occurred in a different criminal case.

---

[9] § 29-1207(4).

[10] See § 29-1207(4)(a).

[11] See Neb. Rev. Stat. § 29-1822(1) (Cum. Supp. 2020). See, also, *Cooper v. Oklahoma*, 517 U.S. 348, 116 S. Ct. 1373, 134 L. Ed. 2d 498 (1996) (criminal trial of incompetent defendant violates due process).

In considering whether time associated with competency proceedings in a different case is excludable, we start with the plain text of § 29-1207(4)(a). It provides that "delay resulting from other proceedings concerning the defendant, including, but not limited to, an examination and hearing on competency and *the period during which he or she is incompetent to stand trial*" is an excludable period of time for speedy trial purposes.[12]

[6] Nothing in the text of § 29-1207(4)(a) requires that the "other proceedings concerning the defendant" occur in the case in which the defendant alleges a statutory speedy trial violation. By including the clause "the time consumed in the trial of other charges against the defendant," § 29-1207(4)(a) specifically contemplates excluding time due to proceedings in a different case.

[7] Though not in the context of competency proceedings, we have considered the impact of a delay related to a defendant's other criminal case on his or her speedy trial rights. In *State v. Blocher*,[13] we affirmed the district court's determination that time the defendant spent incarcerated in a different county on different charges was properly attributable to her under § 29-1207(4)(d). We observed that at least a portion of the same period—time when the defendant was incarcerated in the other county during the pendency of charges against her— would be properly excluded under § 29-1207(4)(a). We stated, "Broadly construed, § 29-1207(4)(a) applies to proceedings in the pending case as well as to proceedings in other pending cases . . . ."[14]

Here, the State adduced evidence of Moore's incompetency to stand trial. The certified copy of the transcript in case No. CR20-249, received during the hearing on the motion for

---

[12] § 29-1207(4)(a) (emphasis supplied).

[13] *State v. Blocher*, 307 Neb. 874, 951 N.W.2d 499 (2020).

[14] *Id.* at 881, 951 N.W.2d at 504.

discharge, contained the district court's December 16, 2020, order finding that Moore was not competent to stand trial and committing him to the LRC. It also included the court's July 19, 2021, journal entry which stated that it reviewed the competency report and which set case No. CR20-249 for a further competency review hearing in September. Moreover, during the July 14 status hearing, the court received in the instant case the July 2021 report opining that Moore was not competent to stand trial.

We are also mindful of the particular circumstances of this case related to the incompetency finding. On the same day that the State filed in the district court for Scotts Bluff County the information against Moore in the instant case, the same district court entered an order finding Moore to be incompetent in case No. CR20-249. The record shows that the same judge handled both of the criminal cases against Moore. While perhaps the State could have taken additional steps to establish Moore's incompetency for purposes of the record in the instant case, the court and counsel for both parties knew that the court committed Moore to the LRC and that the court found Moore incompetent to stand trial at or about the time the instant case was bound over to district court.

Under the facts of this case, the State proved by the greater weight of the evidence that time should be excluded under § 29-1207(4)(a). We conclude the court properly excluded from the speedy trial clock the period of delay from December 17, 2020, through the time of the court's September 13, 2021, order due to Moore's incompetency to stand trial.

[8] We need not resolve whether the district court properly determined that the same period of delay and that a shorter period of delay were also excluded from the speedy trial calculation. Moore challenges findings that the delay from December 17, 2020, through September 13, 2021, was excluded due to his "absence or unavailability" and that the delay from December 17, 2020, through July 14, 2021, was caused by Moore. But even if the court erred with respect to

either of those periods of delay, which we do not suggest or imply, the same period was already properly excluded due to Moore's incompetency to stand trial. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[15]

CONCLUSION

The district court found Moore incompetent to stand trial in a different case on or about the time that the State filed the information in the instant case in the same court. We conclude that the State proved by the greater weight of the evidence that the period during which Moore was incompetent to stand trial should be excluded in computing the time for trial in the instant case. Accordingly, we find no error in the overruling of Moore's motion for discharge, and we affirm the district court's order.

Affirmed.

---

[15] *Nebraska Republican Party v. Shively*, 311 Neb. 160, 971 N.W.2d 128 (2022).

Miller-Lerman, J., concurring.

I concur in the majority opinion of the court and write separately only to address some confusion, the resolution of which is not necessary to the rationale upon which this speedy trial appeal is decided but could be impactful under a different set of facts. The confusion arises as to when the district court accepted Moore's written plea of not guilty submitted under Neb. Rev. Stat. § 29-4206 (Reissue 2016) and thus waived arraignment and ended any continuances sought in relation thereto. Specifically, I think it prudent to counsel trial courts against being casual regarding the court's duty to accept (or reject) a written plea tendered under § 29-4206.

Section 29-4206(1) provides, inter alia, that "district courts may accept a written . . . plea of not guilty." In this case, on December 18, 2020, the court ordered, inter alia, that a written plea be filed within 2 weeks. On December 23, Moore filed a

written not guilty plea. In its September 13, 2021, order deny-ing Moore's motion for discharge, the district court stated, inter alia, that although Moore filed his written not guilty plea, after doing so, he "did nothing to gain approval of the District Court" and that such delay is attributable to "Moore's inac-tion." Although it may be the custom in trial courts to assume the written not guilty plea has been accepted and only rejection of written not guilty pleas are done in writing, I do not think this custom is faithful to the statute and results in ambiguity, and the absence of a ruling should not be chargeable against the defendant.

Apart from circumstantial indications, we do not know when Moore's not guilty plea was accepted, and the answer does not change the outcome under the facts and our resolution of this case. However, and especially where written pleas are invited, I would urge the trial courts to make a ruling under § 29-4206 on a date certain indicating when the written not guilty plea was accepted—or perhaps rejected—so that the parties and the trial court can incorporate such date in their speedy trial calculations, which would be especially useful in another case where the date matters.

Heavican, C.J., joins in this concurrence.