IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. WHITNEY


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

COREY S. WHITNEY, APPELLANT.


Filed November 18, 2025.   Nos. A-25-035 through A-25-037.


Appeals from the District Court for Buffalo County: JOHN H. MARSH, Judge. Affirmed.

Carson K. Messersmith, of Klein, Brewster, Brandt & Messersmith, for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.


RIEDMANN, Chief Judge, and MOORE and BISHOP, Judges.

RIEDMANN, Chief Judge.

### INTRODUCTION

Corey S. Whitney appeals in three separate cases from the district court for Buffalo County, on appeal from the county court for Buffalo County. The cases have been consolidated for briefing and disposition by this court. Following our review, we affirm.

### BACKGROUND

*County Court Trial and Sentencing.*

Whitney was placed on probation on May 18, 2023, in county court case CR22-1763 for a conviction of disturbing the peace and second degree criminal trespass. On the same day, he was also placed on probation in county court case CR22-1548 for a conviction of first degree criminal trespass. On July 20, the State filed a motion to revoke Whitney's probation based on an allegation of first degree trespass that was filed in county court on July 14 in case CR23-1190, along with a charge of third degree domestic assault.

- 1 -

The charges for first degree trespass, third degree domestic assault, and the motions for probation revocation were tried together in a bench trial, after which Whitney was convicted of both charges and his probation was revoked. Following sentencing, Whitney appealed to the district court, who affirmed the county court's convictions and sentences. The following facts are pertinent to Whitney's assignment of errors on appeal.

The bench trial was scheduled for February 13, 2024. At that time, the State moved to dismiss all three cases without prejudice, as well as issue a bench warrant for a subpoenaed witness that had failed to appear for trial. The county court noted that typically when a "major witness" failed to appear, the case would be continued and a warrant would be issued. Upon inquiry from the county court, the State said that it would first move for a continuance. Whitney objected to the continuance, stating, "We have prepared for trial today and witnesses were subpoenaed, and my client is ready to go today," although counsel conceded only the State had subpoenaed a witness. The county court granted the motion to continue "for good cause" and rescheduled trial for March 22.

On March 15, 2024, Whitney filed a motion for absolute discharge, which the county court denied on the morning of trial. The State proceeded to call Cathleen Kent, who was the victim of the first degree trespass and third degree domestic assault charges. She explained that she and Whitney had previously dated, but the relationship ended in 2020. Since that time, he continued to contact her, and she continued to request that he "leave [her] alone."

Kent related that on May 30, 2023, Whitney came to her residence and forced entry into her house. It was early morning, and Kent was still in bed. He had been sentenced for convictions of trespass and assault in which Kent was the victim, and as a result he was not to contact her. He was angry with the sentences, and he wanted Kent "to fix it." He yelled at her, grabbed her, and would not let her leave the bedroom. Although Whitney did not say specific threatening words during the interaction, Kent stated that Whitney was walking with heavy steps, using a loud voice, and intimidating her. Kent believed she had a bruise from when Whitney had grabbed her, although she did not think she showed this bruise to law enforcement. She eventually ran out of the house and hid.

Although Whitney's attorney cross-examined Kent extensively, no other witnesses were called. The court took judicial notice of the two prior cases in which Whitney was alleged to have violated probation. The court ruled from the bench, finding Whitney guilty of both charges and revoking his probation.

The county court ordered a presentence investigation report (PSI). For his conviction of first degree criminal trespass, he was sentenced to 18 months' probation. For his conviction of third degree domestic assault, Whitney was sentenced to 18 months' probation, along with 60 days' incarceration. On the probation revocation in case CR22-1763, he was sentenced to 18 months' probation, with 30 days' incarceration on each conviction, to be served concurrently to each other. On the revocation in case CR22-1548, he was sentenced to 18 months' probation, with 30 days' incarceration.

*District Court Appeal.*

Whitney appealed all three cases to the district court, and the district court heard all three appeals at the same hearing. The errors raised in the district court, combined, were that the county

court erred in: finding sufficient evidence to convict him of first degree criminal trespass and third degree domestic assault, not allowing the State to dismiss the case against him in violation of his due process rights, denying his motion for absolute discharge, finding sufficient evidence to support the underlying convictions to support revocation of his probation, and abusing its discretion in sentencing him.

The district court found the evidence was sufficient to support Whitney's convictions for first degree criminal trespass and third degree domestic assault. It found that Whitney's continuances extended the trial date beyond the statutory period and that he had waived his right to a speedy trial. It found that Whitney had failed to raise due process or other claims as it related to the State's motion to dismiss and had waived any error. The district court also found that the probation violations were supported by sufficient evidence, and that the sentences imposed were not an abuse of discretion. It affirmed the judgment of the county court in each of the three cases. Whitney appeals.

## ASSIGNMENTS OF ERROR

Whitney assigns, restated, that the district court erred in finding the county court did not err by (1) not allowing the State to dismiss the case and instead suggesting a motion to continue over his objection in violation of his due process rights, (2) denying his motion for absolute discharge, (3) finding there was sufficient evidence to convict Whitney of first degree criminal trespass and third degree domestic assault, and (4) imposing excessive sentences that were an abuse of discretion.

## STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Flodman*, 33 Neb. App. 504, 18 N.W.3d 599 (2025). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id*. When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. An appellate court independently reviews questions of law in appeals from the county court. *Id*. When deciding appeals from criminal convictions in county court, an appellate court applies the same standards of review that it applies to decide appeals from criminal convictions in district court. *Id*.

In reviewing a criminal conviction for sufficiency of the evidence, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *State v. Nejezchleb*, 33 Neb. App. 696, 21 N.W.3d 703 (2025). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*.

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Jones*, 318 Neb. 840, 19 N.W.3d 499 (2025).

ANALYSIS

*Dismissal of Case.*

Whitney assigns that the county court and the district court erred by not allowing the State to dismiss the case against him, instead suggesting a motion to continue over Whitney's objection in violation of his due process rights. He argues that any further inquiry by the county court after the State's motion to dismiss was judicial overreach, beyond the purview of the judicial branch, and disregarded separation of powers between the judicial and executive branches. But at the hearing, Whitney objected to the State's motion to continue because he was prepared and ready for trial.

The district court determined that Whitney failed to raise any issues in the county court regarding his due process rights when objecting to the continuance; therefore, it concluded that he waived any alleged error. We agree. Whitney's sole objection at the hearing was that he was prepared for trial, witnesses had been subpoenaed, and he was "ready to go." Because Whitney did not raise the objections he now argues on appeal, he has waived any alleged error. An appellate court will not consider an argument or theory that is raised for the first time on appeal. *Nejezchleb, supra*. Thus, when an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *Id*.

Here, the county court could not have erred in failing to resolve an issue never presented and submitted to it for disposition. The district court did not err in finding that Whitney waived any error in this regard. This assignment of error fails.

*Motion for Absolute Discharge.*

Whitney assigns that the district court erred in affirming the county court's denial of his motion for absolute discharge. Although the district court affirmed the denial of the motion on the merits, we find that Whitney failed to timely appeal this issue. Whitney's motion for absolute discharge alleged that he was not brought to trial within the time required by Neb. Rev. Stat. § 29-1207 (Reissue 2016). The Nebraska Supreme Court has held that the denial of a motion for discharge based on statutory speedy trial grounds is an order that affects a substantial right in a special proceeding and thus is immediately appealable. See, Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2024); *State v. Abernathy*, 310 Neb. 880, 969 N.W.2d 871 (2022). As such, Whitney was required to appeal the denial of his motion for absolute discharge within 30 days. See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2024).

The county court denied Whitney's motion for absolute discharge on March 22, 2024. Whitney did not appeal the denial of this motion until May 21. Whitney failed to timely appeal from the county court's denial of his motion for absolute discharge, and the district court did not have jurisdiction over the issue. Because the district court lacked jurisdiction over the claim, so does this court. Where a lower court lacks subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *State v. Pauly*, 311 Neb. 418, 972 N.W.2d 907 (2022). This assignment of error fails.

*Sufficiency of Evidence.*

Whitney assigns that the district court erred in affirming the county court's finding that there was sufficient evidence to convict him of first degree criminal trespass and third degree domestic assault. We find the evidence was sufficient to support the convictions.

To sustain a conviction for first degree criminal trespass, the State needed to put forth evidence that Whitney entered an occupied structure knowing he was not licensed or privileged to do so. See Neb. Rev. Stat. § 28-520 (Reissue 2016). To sustain a conviction for third degree domestic assault, the State was required to put forth evidence that Whitney intentionally and knowingly caused bodily injury to his intimate partner, threated an intimate partner with imminent bodily injury, or threatened an intimate partner in a menacing manner. See Neb. Rev. Stat. § 28-323 (Reissue 2016). An intimate partner includes persons who are or were involved in a dating relationship. See *id*.

Kent and Whitney had previously dated. Whitney had been ordered, pursuant to his probation, not to have contact with Kent at her place of residence, and Kent had also told Whitney to leave her alone and stay off her property. Despite this, Whitney came to Kent's home and pulled open her padlocked door. He grabbed her, yelled, and was intimidating her. Whitney blocked the door to Kent's bedroom, and once Kent convinced him to go to another room, Kent ran and hid. The evidence presented, when viewed in the light most favorable to the State, was sufficient to sustain Whitney's convictions of first degree criminal trespass and third degree domestic assault. Because we find the evidence sufficient to sustain the convictions, Whitney's argument that the evidence was insufficient to prove a violation of his probation fails. This assignment of error fails.

*Excessive Sentences.*

Whitney assigns that the district court erred by affirming the sentences imposed by the county court because they were an abuse of discretion. We find the district court did not err in finding that the county court did not abuse its discretion in the sentences imposed. In county court case CR22-1763, Whitney was convicted of disturbing the peace and second degree criminal trespass, both Class III misdemeanors. A Class III misdemeanor is punishable by a maximum sentence of 3 months' imprisonment, a $500 fine, or both, with no minimum sentence required. Neb. Rev. Stat. § 28-106 (Reissue 2016). In county court case CR22-1548, Whitney was convicted of first degree criminal trespass, a Class I misdemeanor. In county court case CR23-1190, Whitney was convicted of first degree criminal trespass and third degree domestic assault, both Class I misdemeanors. A Class I misdemeanor is punishable by a maximum sentence of not more than 1 year imprisonment, a $1,000 fine, or both, with no minimum sentence required. § 28-106.

In county court case CR22-1763, for each conviction of a Class III misdemeanor, Whitney was sentenced to 18 months' probation, along with 30 days' incarceration. In county court case CR22-1548, for his conviction of a Class I misdemeanor, Whitney was sentenced to 18 months' probation, along with 30 days' incarceration. In county court case CR23-1190, for his conviction of two Class I misdemeanors, Whitney received sentences of 18 months' probation. He was ordered to serve 60 days' incarceration as part of his sentence of probation for his conviction of third degree domestic assault. These sentences are all within the statutory limits. As such, we review for an abuse of discretion.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Jones*, 318 Neb. 840, 19 N.W.3d 499 (2025). A sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Whitney was 37 years old at the time of sentencing. He had previous convictions for reckless driving, driving under the influence, and shoplifting. Whitney was rated as a high risk level in his level of service/case management inventory. The PSI noted that Whitney struggled to take accountability and indicated that he was the victim of the charges rather than Kent. In her victim impact statement, Kent stated she had started having nightmares and experiencing panic attacks when in new places. At sentencing, the county court stated its biggest concern was that Whitney had invaded Kent's home in the late evening hours. It explained it was placing Whitney on probation so that he could receive assistance.

The sentences imposed were all within statutory limits. The county court did not consider any inappropriate factors when fashioning the sentences. The sentences imposed were not an abuse of discretion. The district court did not err in affirming the sentences imposed by the county court.

CONCLUSION

We find that Whitney failed to preserve his challenge to the State's motion to dismiss and failed to timely appeal the denial of his motion for absolute discharge. The evidence presented was sufficient to support the convictions of first degree criminal trespass and third degree domestic assault. The sentences imposed were not an abuse of discretion. The district court did not err in affirming the judgment of the county court and we affirm the order of the district court.

AFFIRMED.